Plaintiff testified, that he went to the defendant's store in Fayetteville, to examine an article which defendant had advertised as "Phoenix Guano;" that defendant recommended it highly as a fertilizer, and said it was superior to the Peruvian, in many respects. Upon these representations he bought 2,220 pounds, and gave a note with sureties to secure the price; that he applied the "Phoenix Guano" to a part of his crop; that the land was well cultivated, and that the Guano was absolutely worthless and injured the land; that he told defendant the result of his experiment, and asked him to bring a friendly suit to test his right to recover. He declined, and said he would sue unless plaintiff paid him; that the Phoenix contained all the qualities which he had recommended; that it had been analyzed by a chemist, and that he could show by other persons that it did good. Plaintiff said he was forced to pay, to relieve his sureties, and told defendant that if he failed in a suit which he had brought against other parties upon a similar claim, he, plaintiff, would sue him to get back his money.
Another witness testified as to the worthlessness of the article, and gave it as his opinion that it was of no value whatever.
The grounds of defense were: That the money was paid after a full knowledge of all the facts, and therefore plaintiff could (375) not recover in this action. That although paid under a threat of *Page 272 
a law suit, yet that plaintiff could not recover, as the money was paid under a mistake of legal liability.
His Honor charged the jury, that if a spurious article was sold to the plaintiff, as genuine guano with valuable fertilizing qualities, the plaintiff could not recover the price paid, if he paid the money with a full knowledge of all the facts, even though he paid it to relieve himself and his sureties from a threatened suit; that the plaintiff was bound to know that the law would protect him from a recovery on the note; but that if the plaintiff, in consequence of misrepresentation, taken in connection with threats of suit made by the defendant, was induced to believe that he was mistaken in the estimate he then formed of the worthlessness of the article after a trial of it, and paid the money under this misapprehension, then this being a mistake of fact, the plaintiff was entitled to recover. Defendant excepted.
There was a verdict for the plaintiff. Rule for new trial. Rule discharged. Judgment and appeal.
His Honor charged correctly, "that the plaintiff could not recover if he paid the money with full knowledge of the facts." And then he ought to have added, that according to the plaintiff's own testimony he had full knowledge of the facts; but, instead of that, he left it to the jury to determine whether the defendant had not, by misrepresentations and threats of suit, induced the plaintiff to believe that he was mistaken as to the estimate he had formed of the worthlessness of the guano, and in that way paid under a mistake of facts. The evidence does not support the hypothesis; for (376) the plaintiff testified, expressly, that he "was forced to pay the note to relieve his sureties from a suit," and that he told the defendant that, if the defendant failed to recover in a suit that he had brought against others for guano, he would sue him for his money back. And he did not allege that anything the defendant said to him changed his mind as to the quality of the guano.
PER CURIAM. Venire de novo.
Cited: Devereux v. Ins. Co., 98 N.C. 8; Brummitt v. McGuire,107 N.C. 356; Bank v. Taylor, 122 N.C. 571; Smithwick v.Whitley, 152 N.C. 371. *Page 273