BANK OF STATESVILLE, by J. B. CONNELLY, Receiver, v. EMMA WADDELL.

*Payment in Equity—Assumpsit.*

1. S. was the executor of W., and trustee under his will, of funds for defendant's benefit. S. was also Cashier of a bank. S. placed to his credit, as such trustee in said bank, about $1,400.00, and gave the defendant permission to draw at her pleasure upon the bank. Defendant drew checks repeatedly, which were always paid by S., as Cashier, up to his death. S. died without revoking the permission he had given to defendant; and, after his death, she drew two checks, aggregating less than the balance then to the credit of S., as trustee. These checks were paid by the Cashier who succeeded S., with the intention of charging them against the said balance to the credit of S., trustee, but they were never actually so charged on the books of the bank. After these two last mentioned checks had been paid, the bank being insolvent, went into the hands of a receiver, who brought this action to recover the money paid out on them; *Held,* that, in Equity, the money to the credit of S., trustee, belonged to defendant, and the acts of S., as detailed above, amounted, in an indirect way, to a payment thereof to her, and the receiver could not recover it from her.

2. The promise, upon which the action of assumpsit rests, is implied, and arises *ex æquo et bono*, and money paid to the equitable owner, under no mistake of fact, and coupled with no implied promise for its return, cannot be recovered.

CIVIL ACTION, pending in IREDELL Superior Court, and heard and determined by *Clark, J.,* at Chambers, in Salisbury, August 29th, 1887.

Judgment was entered for the plaintiff. Defendant appealed.

This action, at the instance of the receiver of the Bank of Statesville, whose effects are in course of distribution in a creditor's suit, was brought before a Justice of the Peace, and from his judgment, in favor of the plaintiff, carried, by the defendant's appeal, to the Superior Court of Iredell County. It is prosecuted, to recover the sum of one hundred and fifty dollars, alleged to have been unlawfully drawn by the defendant from the moneys on deposit in the bank, and appropriated to her own use. The defendant denies her responsibility in the premises.

At February Term, 1887, a reference was made under *The Code,* to two commissioners named, who were directed " to decide and determine all questions of law and fact, and report to the next term."

The report was made at August Term, 1887, with the following:

To the Judge of said Court:

1. The undersigned, referees in said case, beg leave to report, that they find, as facts in said case, that R. F. Simonton, at the time of his death, which occurred in February, 1876, and for some considerable time previous thereto, was and had been executor of the last will and testament of David Waddell, deceased, and trustee of the funds arising under said will for the benefit of the defendant, which amounted to more than the sums of money hereinafter mentioned as drawn by the defendant, and that the said R. F. Simonton was, during all the said time, and up to his death, cashier of the Bank of Statesville.

2. They further find as facts, that some time previous to the death of the said Simonton, he had entered upon the

books of the bank a credit to himself, as executor of the said David Waddell, of the sum of fourteen hundred and sixty-six dollars and sixty-five cents, which credit stood on the books of the bank, undischarged and unreduced, at the time of the death of the said Simonton, and at the time of the drafts, hereinafter mentioned, as made by the defendant on the said bank.

3. They find as facts that said Simonton previous to his death had given to the defendant permission to draw at her pleasure upon the bank, and upon the said credit of fourteen hundred and sixty-six dollars and sixty five-cents, and that defendant had repeatedly in his life-time drawn checks of various sums upon said bank under said permission, which had been honored and paid by said Simonton as cashier, and that said permission to draw was unrevoked at the time of the death of said Simonton.

4. They further find as facts, that, after the death of said Simonton, the defendant, relying on said permission to draw, and acting thereon, on the 3d day of March, 1876, drew a check on said bank for the sum of $100, and on the 27th day of April, 1876, drew another check for $50 on said bank, both of which said checks, on the days on which they were respectively drawn, were honored and paid by the new cashier of said bank, C. A. Carlton, or by his assistant cashier, W. K. Howell.

5. They further find as facts, that when defendant drew the said checks, respectively, she intended to draw them upon the said fund, standing on the books of said bank to the credit of the estate of David Waddell, and under the permission given her to draw by said Simonton in his life-time; and that there was due her from R. F. Simonton, as trustee aforesaid, at that time, more than the amount of both said checks; and that at the time the said checks were paid, by said Carlton, cashier, or by W. K. Howell, assistant cashier, it was the intention of the said Carlton or Howell,

whichever made the payments, to charge the amount of said payments against the said credit of $1,466.65, standing on the books of the bank to the estate of David Waddell, which, however, was never done, and the bank was never re-imbursed for the payment of said checks.

Upon these facts, the referees find as matters of law:

1. That the permission given by said Simonton in his life-time to defendant to draw upon said fund, standing on the books of the bank to the credit of the estate of David Waddell, was revoked by the death of said Simonton.

2. That by the death of said Simonton, said sum of $1,466.65 passed to the control of an administrator *de bonis non* and trustee of the estate of David Waddell, whenever one was appointed, and until such appointment, was in abeyance, and no one had a right to meddle with it.

3. They therefore find as a matter of law, that any payment made by C. A. Carlton, cashier, or W. K. Howell, assistant cashier, out of said fund to the defendant, or any payment attempted to be made by either of them, was void and without authority of law.

They therefore find that the plaintiff is entitled to recover of defendant the sum of ($50) fifty dollars, and interest thereon at six per cent. from the 17th day of April, 1876, up to this date, and the sum of one hundred dollars and interest thereon at the rate of six per cent. from the 3d day of March, 1876, up to this date—in all the sum of one hundred and fifty dollars principal, and the sum of one hundred and two dollars and thirty cents interest, and the costs of this action.

Respectfully submitted,

ARMFIELD & BURKE,
*Referees.*

The defendant then excepts, by her attorneys, to the report of the referees, in the following words and figures:

The defendant excepts to the report of the referees filed in this cause:

·That the referees erred in their conclusions of law in paragraphs 1, 2 and 3, in that they charge defendant one hundred and fifty dollars, with interest on the same, checked out by her after the death of R. F. Simonton.

McCORKLE, BINGHAM & CALDWELL,
*Attorneys for Defendant.*

The exception, after argument, was overruled, the report confirmed, and the plaintiff adjudged to recover of the defendant the sum of $252.30, whereof $150 is principal, and costs, from which the defendant appeals to this Court.

*Mr. D. M. Furches,* for the plaintiff.
*Mr. B. F. Long,* (*Mr. M. L. McCorkle* also filed a brief), for the defendant.

SMITH, C. J., (after stating the facts). We do not concur in the opinion of the Court, which seems to have been controlled by the rules governing actions at law, and to ignore the admixture of equitable elements in the present system, under which ultimate results are reached in a single proceeding. It appears from the report, that R. F. Simonton, at the same time being executor of David Waddell and cashier of the bank, having trust funds in his hands derived from the testator's estate for the benefit of the defendant alone, or in association with another, made a deposit thereof in the bank in his capacity as such executor, in the sum of $1,466.65, and gave the defendant the liberty of drawing upon said credit at her pleasure.

This authority she repeatedly exercised during the lifetime of Simonton, and after his death, in February, 1876, she drew other sums in a similar manner, to the extent of the judgment rendered against her. This fund, so deposited

and showing the trust upon which it was held, or at least one half of it, beyond which the defendant had not gone, in equity belonged to her, and was in this indirect way paid to her by the executor and the trustee, as it was meet should be done.

Assuming that, upon strict legal principles, the money would be recoverable only by the personal representative of the depositor, (or the administrator of the testator *de bonis non* perhaps,) it is plain that a Court administering the rules that are recognized in equity, as do our Courts as well under their present constitution, would not permit a trust fund like this to be collected from the equitable owner and applied to the general indebtedness of an insolvent corporation. And if this were not permitted, still less could it when it reached the hands of the rightful owner, be taken from such owner to be misapplied and lost. The old action of assumpsit was, in some of its features, an equitable proceeding, and the promise upon which the action rests is implied, and arises *ex æquo et bono.* 2 Greenl. Ev., § 102.

The equitable right of the holder of a bond, to whom it has been transferred and delivered unendorsed by the payee, in whose name suit has been brought and judgment recovered, to receive the money when collected, is decided in *Hoke* v. *Carter*, 12 Ired., 324, in which PEARSON, J., thus explains the relations between the parties: " The legal effect of the contract of sale and delivery of the bond was to constitute the testator an agent of Fleming (the obligee) to receive the money. But the *money vested in the testator as legal owner* the moment it was received; for the chose in action, of which Fleming was the legal owner, was extinguished by an act which he had authorized to be done, viz.: the reception of the money, and the money vested in the testator, as legal owner, by force of the contract of sale, which thereby became executed in the same way as if Fleming had himself received

the money and handed it to the testator in execution of the contract."

This ruling recognizes the right of an *equitable owner* of an unendorsed sealed security for the payment of money, to take and hold the money paid under it against the claim of the *legal owner* of it; and such is very much the relation occupied by the defendant in the present controversy; and the defendant's position is strengthened by the new practice, which allows the party who is entitled to the money and to receive it, unconditionally to assert the right in his or her own name in an action instituted to recover it. If the executor did not need the fund in process of administration, but was bound to pay it over to the *cestui que trust*, as would be his administrator, in discharging the attached trusts, why should such *cestui que trust* be required to surrender it when voluntarily paid to [her by the officers of the bank, and use it for the benefit of the creditors of the latter?

And again, if it could not have been recovered by the defendant in an action prosecuted against the bank, or the executor trustee, yet it was in fact paid to her as the owner, under no misapprehension of the fact; and no implied promise to return or to account for the money, except as a payment in part, can arise out of the transaction, and most unquestionably no right of action can accrue to the bank or to the receiver, who is its representative. *Devereux* v. *Ins. Co.*, 98 N. C., 6.

It must be declared there is error in not sustaining the defendant's exception, and to this end the judgment is reversed, and the Court below will proceed in accordance with this opinion to render judgment for the defendant.

Error.                                                    Reversed.