Pearson, J.
 

 As an abstract proposition, it is true there must be a consideration to support a promise, but, to make the charge in this case pertinent, it must be understood that the Judge assumed that the evidence did not show a consideration. In this, we think there was error, for, in our opinion, the evidence did show a consideration, and the jury should have been so charged. To make a consideration, it is not necessary that the person, making the promise, should receive or expect to receive any
 
 *74
 
 benefit. It is sufficient, if the other party be subjected
 
 to
 
 loss or inconvenience. A trust or confidence reposed, by reason of an undertaking to do an act, is held to be a sufficient consideration to support an action on the promise ; as if one voluntarily undertakes to deliver a cask of wine safely at a cellar, although he is to receive no pay for it, an action will lie upon the promise, if he be guilty of negligence, and
 
 a fortiori,
 
 if he retain the wine and refuse to deliver it.
 
 Coggs
 
 v.
 
 Barnard, 2
 
 Ray
 
 909,
 
 919. Lord Holt says. “The owner’s trusting him with the goods is a consideration. The taking the trust upon himself is a consideration, though no body could have compelled him to undertake the trust. As he entered upon it, he must perform it.”
 

 So, in this case, no body could have compelled the defendant to undertake to measure out and deliver the corn, when applied for; but as the trust was reposed in him, and he kept the corn, and undertook to deliver it, he is bound to do so, and is liable to this action for refusing, whether he had used the corn or still had it in his crib.
 

 In the language of Lord Holt, “the owner trusted him with the goods, and he
 
 entered upon the trust.”
 

 But for this promise, the plaintiff would have required the sheriff to deliver the corn. This puts the plaintiff to inconvenience, and there is an expressed trust, and an undertaking to do the act. If one undertakes to lead my horse to Statesville, and turns him loose on the road or refuses to deliver him, he is liable, although no compensation was to be given ; for he has entered upon
 
 the
 
 trust, and I have been put to inconvenience by reason of his undertaking.
 

 “The confidence induced by undertaking any service for another is a sufficient legal consideration to create a duty in the performance of it.”
 
 Smith’s leading cases,
 
 1-vol. 109; where the question is fully discussed in the
 
 *75
 
 valuable notes of Mr. Smith, and of the American annotators, Hare and Walker.
 

 Per Curiam.
 

 Judgment below reversed, and a
 
 venire de novo
 
 awarded.