COMMISSIONERS OF CATAWBA COUNTY v. GEORGE SETZER.

When a matter is voluntarily settled by the act of the parties, in the absence of fraud or mistake, it must be deemed settled forever.

Therefore, Where the County Court of a county, in the year 1862, appointed an agent to borrow money and purchase salt for the families of soldiers then in the Confederate army, and in 1867, ordered the agent to pay to the person from whom the money was borrowed a certain sum, which was done, the Board of Commissioners of such county cannot recover back the money so paid by the agent.

Civil action, tried at Spring Term, 1873, of the Superior Court of Catawba county, before Mitchell, J.

Plaintiff, the Board of Commissioners of Catawba county, seeks to recover from the defendant the sum of five hundred dollars, heretofore wrongfully paid to him by Jonas Cline, sheriff of the county.

The facts are:

In 1862, Jonas Cline, at a called Court of the Justices of Catawba county, a majority being present, was appointed an

agent to buy salt for the county, and to enable him to do this he was authorized to borrow the sum of $5000. Pursuant to this order, he borrowed of defendant $4,200, purchased salt with it, which he distributed to the citizens of the county, giving no preference to the families of those in the army, but selling the salt at prime cost to every one who needed it.

In 1867, the County Court ordered the County Treasurer to pay the amount owing to the defendant, and in 1868 the sum of five hundred dollars was paid to him on his claim. For this money so paid illegally, as the plaintiff alleges in his complaint, this suit is brought.

His Honor being of opinion, that the plaintiff could not recover, so instructed the jury, who found a verdict for defendant. Judgment accordingly, and appeal by the plaintiff.

*Schenck*, with whom was *Bailey & McCorkle*, argued :

That the contract was illegal and void and could not be ratified or confirmed, so as to bind the county, by common law, by ordinance and by the Constitution. *Leak* v. *Comm'rs*, 64 N. C. p. 140 ; *Comm'rs* v. *Setzer*, ib. 516 ; Ordinance of Oct. 15, 1865 ; Constitution, Art. 7, sec. 13 ; *Weith* v. *City of Wilmington*, 68 N. C., p. 33 ; Story on Agency, secs. 126, 240–241 : 1 Parsons on Contracts, vol. 1, pp. 457–8.

The Justices and Sheriffs are public agents, and cannot bind the Government except where these powers are manifest, and persons dealing with them must do so with caution or be held responsible for receiving public money. Story on Agency, secs. 307 and 307a ; secs. 223–4, 240–1.

They are not protected by any mistake in law or fact of the agent ; Ib. sec. 307. Paley on Agency, p. 144 (337 marg )

*M. L. McCorkle*, contra, cited and relied upon Dillon on Corp. 10, 33 ; *Capeheart* v. *Moon*, 5 Jones, 178 ; *Houston* v. *Clay County*, 18 Ind. Rep. 396 ; Chitty on Contracts, 193 ; 2 Hay. 2311, Story on Agency, 307 ; *Mitchell* v. *Walker*, 8

Ired. 243; *Newall* v. *March*, Ibid. 441; *Twitt* v. *Chaplin*, 4 Hawks, 178; *Mayo* v. *Garner*, 4 Jones, 359; *Newland* v. *Buncombe Turnpike Co.*, 4 Ired. 372; *Pool* v. *Allen*, 7 Ired. 120.

RODMAN, J.   In a case between individuals the law is too well settled to admit of dispute.   It is said in Chitty on Contracts 636: "If an illegal contract be executed or performed, and both parties are *in pari delicto*, no action lies to recover back money paid;" and in *Howson* v. *Hancock*, 8 T. Rep. 575, Ld. KENYON, C. J., says: "But there is no case to be found where, when money has been actually paid by one of the parties to the other, upon an illegal contract, both being *participes criminis*, an action has been maintained to recover it back again."   See also *Pearson* v. *Lord*, 6 Mass. 81, and *Worcester* v. *Eaton*, 11 Mass. 368.

It is attempted to exclude the present case from the general rule, on the ground that the plaintiff is a municipal corporation, and is not bound by the illegal acts of its agents; and that at the time of the payment it was not known, that payment could not be enforced.

It may be that if an agent of the plaintiff had exceeded his authority and paid the defendant, the corporation might repudiate the act, and recover the money.   But that is not the case. The payment was made by the authority of the corporation. No authority has been cited to show that in such a case a municipal corporation stands on any different ground from an individual in a like case.   We know of no reason why it should. The rule is not found on anything in respect to which a municipal corporation differs from an individual but on the maxim of common sense and convenience, "*in pari delicto, potior est conditio possidentis.*"   There must be an end to litigation. When a matter is voluntarily settled by the acts of the parties in the absence of fraud or mistake, it must be deemed settled forever.   Could a county recover of the individual soldiers of

Confederate army for the clothes and provisions, which, in many instances, they furnished them or their families ? Or could the State now recover from its officers the salaries which it paid them during the war ?

We do not mean that those instances are not distinguishable from the present. They are stated merely as extremes to which the doctrine contended for by the plaintiff might be, not illogically, carried.

Neither can the ordinance of 1866 and the Constitution of 1868, which forbid such payments, help the plaintiff after, notwithstanding them, he has made the payment. Before the statutes and by common law, it was a breach of duty in the sheriff to pay the money of its constituents, where there was no legal or moral obligation to pay it. The effect of these statutes has been considered elsewhere ; they do not affect the present case.

Neither can it help the plaintiff, that at the time of the payment, it was not known that the contract was illegal, and could not be enforced. The facts which made it illegal were all known. In such a case the plaintiff must be taken to have known the law.

PER CURIAM.                                    Judgment affirmed.