THE BOARD OF COMMISSIONERS OF MACON COUNTY v. THE BOARD OF COMMISSIONERS OF JACKSON COUNTY.

A payment voluntarily made, with a knowledge of all the facts, cannot be recovered back, although there was no debt.   This rule applies as well to a payment made by one corporation to another, as to a payment by one individual to another.

When a Judge of the Superior Court, upon proper application made, requires the commanding officer of a county to furnish the jailor with such guard as may be required for the safe keeping of prisoners, under the provisions of Bat. Rev., chap. 89, sec. 10, the expenses of the guard so incurred are to be paid by the county from which the prisoners are removed.

(*Pool* v. *Allen*, 7 Ired., 120 ; *Adams* v. *Reeves*, 68 N. C. Rep., 134 ; *Comm'rs. of Catawba* v. *Litzer*, 70 N. C. Rep., 426, cited and approved )

CASE AGREED, heard before CANNON, J., at Spring Term 1875, of JACKSON County.

The following are the facts: In 1872, one Bagless Henderson was indicted for murder in the County of Macon, and committed to the jail of said county.   Upon the affidavit of the prisoner, the cause was removed to the County of Jackson, and the Sheriff of Macon County was ordered to deliver the prisoner into the custody of the Sheriff of said county. From the time the prisoner was confined in the jail of Jack-

son County until the time of his execution, a strong guard was kept over the prisoner. Accounts of the expenses of keeping this guard were sent to the County of Macon from time to time, and upon these accounts the sum of $430.31 was paid. The money was paid upon orders drawn by the Register of Deeds of Jackson County upon the Treasurer of Macon County. The guard was ordered by the Court to be employed. It is not contended that the jail of Jackson County was insecure, but the guard was employed for the purpose of preventing the release of the prisoner from the outside. The Board of Commissioners of Macon County being advised that they were not authorized to make the payments aforesaid have demanded of the defendants the repayment of said sum, and this demand has been refused.

It is agreed that if the Court shall be of the opinion that the plaintiff is not entitled to recover of the defendant, then there is to be judgment in favor of the defendant for cost. But if the Court shall be of the opinion that the plaintiff is entitled to recover, then the judgment is to be rendered against the defendant for four hundred and thirty dollars and thirty-one cents.

Upon the hearing the Court rendered judgment in favor of the defendant according to the case agreed, and thereupon the plaintiff appealed.

*C. A. Moore* and *Smith & Strong,* for appellant.
*J. H. Merrimon,* contra.

BYNUM, J. A voluntary payment, with a knowledge of all the facts cannot be recovered back, although there was no debt. *Pool* v. *Allen,* 7 Iredell, 120 ; *Adams* v. *Reeves,* 68 N. C. Rep., 134. No reason can be suggested, and no authority is cited, to show why the same rule which prevents one individual from recovering against another, does not likewise prevent one corporation from recovering against

16

another. It is not alleged that all the facts out of which this action arose were not well known to the plaintiff corporation at the time the claims were paid to the defendant corporation. The payment was not under process, and no fraud or false representation was used to procure it; it was purely voluntary. *Commissioners of Catawba* v. *Litzer*, 70 N. C. Rep., 426.

But we are of opinion that the payment was rightfully made by the plaintiff, and that in default of payment the defendant could have recovered the claim by action.

By chap. 80, sec. 5, Bat. Rev., the Judge of the Superior Court, upon proper application, in the cases therein provided for, may require the commanding officer of the county to furnish the jailor with such guard as may be required for the safe keeping of prisoners. And by chap. 71, sec. 91, Bat. Rev., the expenses of the guard thus incurred are to be paid by the county from which the prisoners are removed. The prisoner here was removed from the County of Macon to the County of Jackson. In the latter county the Judge of the Superior Court ordered the guard to be furnished. We must presume that in ordering the guard the Judge followed the directions of the statute in the details. The costs of the guard were a proper charge upon the County of Macon and properly paid.

Being of opinion with the defendant, as agreed in the case stated, the action is dismissed at the cost of the plaintiff. No error.

PER CURIAM. Judgment affirmed.