JOHN DEVEREUX v. THE ROCHESTER GERMAN INSURANCE
COMPANY.

*Agent—Insurance—Payment—Contract.*

1. Money paid voluntarily, with full knowledge of all the facts, in the absence of any agreement, express or implied, to repay it, cannot be recovered back, though such payment was made under protest.

2. It *seems* that an insurance agent or broker, upon a cancellation of a policy procured through his agency, is only entitled to commissions upon the amount of the premium earned by his principal before cancellation.

(*Mathews* v. *Smith*, 67 N. C., 374, and *Com'rs* v. *Com'rs*, 75 N. C., 240, cited).

CIVIL ACTION, tried before *Merrimon, Judge,* at August Term, 1887, of WAKE Superior Court.

The plaintiff's action is to recover from the defendant company the sum of $535.18, alleged to be due him as commissions on a premium paid by the Carolina Central Railroad Company on an insurance of its property by the defendant company, brought about by the plaintiff's agency. The facts as ascertained by a reference made in the progress of the cause were:

The Carolina Central Railway Company paid to the defendant, the Rochester German Insurance Company, the sum of five thousand four hundred and seventy-one dollars and seventy-five cents ($5,471.75) premium upon a policy of insurance issued by it; and the defendant insurance company paid plaintiff $547.17 as commissions for procuring said insurance as broker and as agent for the railroad company; that eight days after said policy went into effect it was cancelled by defendant company, and the defendant company returned to the railway company this amount, *less* the amount of the earned premium and the commission paid plaintiff, and demanded of the plaintiff that, under the de-

fendant's agreement with him, made before the issuance of the policy, he should return the amount of commissions he had received to the railway company, less commissions on earned premium.

The plaintiff, upon such demand, returned to the railway company the said sum of $535.18, protesting at the time that he was not bound to do so under his contract with defendant company, and did not waive any of his rights, and brought this action.

On this statement of fact, the Court having intimated an opinion that the plaintiff could not recover, he, in submission thereto, took a nonsuit and appealed.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.,* for the plaintiff. *Messrs. C. M. Busbee* and *E. C. Smith,* for the defendant.

SMITH, C. J.   The rescission of the policy, it is not controverted, was in the exercise of a right reserved therein, nor is it anywhere intimated that it was not done in good faith and from a due regard to the supposed interests of the insurance company.   The consequences of putting an end to the contract in this way are, that so much of the premium is retained as measures the period during which the contract remained in force, of which the insured has had the benefit, and this without abatement for commissions allowed soliciting agents or other charges incurred.   The referee finds it to have been the usage of such agents to refund their ratable charges, though he reports the plaintiff to be a "broker," to whom the rule did not apply, though "they did return such commissions whenever they saw fit."

Now, it may well admit of question, whether the contingent termination of the contract, an essential element in it, does not enter into and modify the contract which provides compensation for agents, dependent upon the amount of the premium received, so that the agent and the company share

only in what is retained by the latter. Such would seem to result from the restoration of the contracting parties to their original status, except while the contract was in operation. But admitting the point to be disputable, and the construction of the agreement between the agent and his principal in this respect doubtful, the plaintiff, with the money in hand, upon the defendant's demand, pays over to the insured what was admittedly due it, and now asks the aid of the Court to compel the defendant to pay it back to him. It was out of the premium that the plaintiff was to take his compensation. He did so, and while the defendant returned all that came into its hands, the plaintiff did the same as to his share, making the restitution in full to which the insured was entitled.

We know of no principle upon which the present demand can be supported. There was no mistakes as to facts, and though reluctantly done, it was the voluntary act of the plaintiff. *Mathews* v. *Smith,* 67 N. C., 374; *Commissioners* v. *Commissioners,* 75 N. C., 240. The action would not lie against the defendant for money received to the plaintiff's use, for it was not received by the defendant at all, nor for money paid to defendant's use and at its request, since in such case a contract is implied, whereas here it is expressly negatived by the facts. It must be declared that there is no error, and the judgment is affirmed.

No error.　　　　　　　　　　　　　　　　Affirmed.