FIRST NATIONAL BANK OF WINSTON v. W. B. TAYLOR, et al.

(Decided April 12, 1898.)

*Action to Recover Money Paid Through Mistake—Voluntary Payment.*

1. A voluntary payment, with knowledge of the facts, under a mistake as to the law, cannot be recovered back.

2. When a bank charged a customer's account with the amount of a matured note endorsed by him and protested for non-payment, and subsequently, with full knowledge of the facts, repaid the amount, no action will lie by the bank for the recovery of the amount so paid.

CIVIL ACTION tried before *Starbuck, J.,* at December, 1897, Special Term, of FORSYTH Superior Court, on an agreed statement of facts which are set out, substantially, in the opinion. His Honor rendered judgment for the plaintiff and defendants appealed.

*Messrs. Watson, Buxton & Watson* for plaintiff.
*Messrs. Glenn & Manly* for defendants (appellants).

CLARK, J. The note on which the defendants were endorsers was discounted by the plaintiff bank, which rediscounted it in New York. It fell due on the 18th February, 1893, and was protested for non-payment in Alabama, where the maker lived. The notice of protest was not received by the defendants, but on March 9th they received a letter from the maker stating the fact, and saying if the note was sent to the bank where he lived he would try to pay it. The defendants carried this letter to cashier Alspaugh of plaintiff bank, told him they did not consider themselves responsible on the note and to act on that letter; he replied "all right, it will be attended to". The defendants heard nothing

more of the matter till the last of June when they found the amount charged to their account ; whereupon they saw the cashier and asked to have the account corrected, that they were not properly chargeable with the note, and he promised to look into the matter. On July 9th the plaintiff bank closed its doors till September 18th, when it re-opened with a new cashier, Miller. The defendants soon thereafter saw him and explained the facts. He told the defendants that the item had been improperly charged against them, and on the 6th of November, 1893, ordered the books corrected, and the sum of $220, the amount of said note, was credited to the defendants, this being in effect a payment, as that sum has long since been drawn out. In February, 1896, the plaintiff demanded said sum of $220 from the defendants, which they refused, and this action was brought. The maker of the note died insolvent in May, 1893.

There is no evidence that the cashier was not authorized to act for the bank, or that this transaction was not within the scope of his authority. It is unnecessary to decide whether or not the defendants were originally responsible for the protested note, or had been absolved by the negligence of the plaintiff, for the latter, having voluntarily paid pack to the defendants the amount of the note which had theretofore been charged up to them, and having done so with full knowledge of the facts, or at least with the means of knowledge within its reach, cannot now recover back from the defendants the sum thus paid, even if the bank in truth was not legally bound to pay the same. *Brummitt* v. *McGuire*, 107 N. C., 351.

A voluntary payment, with knowledge of the facts, under a mistake as to the law cannot be recovered back.

BANK *v.* IRELAND.

A payment under a mistake of fact may be. *Adams* v. *Reeves*, 68 N. C., 134; *Matthews* v. *Smith*, 67 N. C., 374; *Commissioners* v. *Setzer*, 70 N. C., 426; *Commissioners* v. *Commissioners*, 75 N. C., 240; *Devereux* v. *Insurance Company*, 98 N. C., 6. The judgment rendered upon the agreed state of facts must be reversed.

Reversed.