## BERNHARDT v. RAILROAD CO.

(Filed May 3, 1904).

CARRIERS—*Demurrage—Contracts—Mistake.*

> A consignee who entered into a contract for the transfer of cars to his own yard on a switch, and was fully apprised of charges to be made, and paid them, could not recover them as paid under protest, though at the time of making the contract he said that he would pay the charges under protest.

ACTION by J. M. Bernhardt against the Carolina and North-western Railroad Company, heard by *Judge T. J. Shaw,* at February Term, 1903, of the Superior Court of CALDWELL County. From a judgment for the defendant the plaintiff appealed.

*Edmund Jones,* for the plaintiff.
*W. C. Newland, C. E. Childs* and *J. H. Marion,* for the defendant.

MONTGOMERY, J. The plaintiff alleged in his complaint that he was a dealer in lumber in the town of Lenoir, and that from November, 1899, to August, 1902, he received on his lumber yard a large number of cars loaded with lumber which had been hauled over the road of the defendant, the Caldwell and Northern Railroad Company, to the terminus of its track at Lenoir and then delivered it to the defendant, the Carolina and North-western Railroad Company; that

the Carolina and North-western carried the cars a fourth of a mile over their track to the plaintiff's lumber yard, and for that service the plaintiff paid to the Carolina and North-western fifty cents per car, and in addition thereto the sum of twenty-five cents per car as demurrage for each and every day that such car remained unloaded, including the day next after and also the day of its arrival; that the plaintiff was compelled to pay, and did pay under protest, the demurrage on the cars for the next day succeeding the day of its arrival, and also after on the day of its arrival, amounting to $225. The plaintiff further alleged that the demand of the defendants and the compelling by them of the plaintiff to pay the $225 demurrage for fractions of days was tortious, wrongful and unwarranted by law, and ought to be refunded to the plaintiff.

The defendant the Carolina and North-western denies any knowledge of the number of cars delivered to the plaintiff, or that any amount was paid to them under protest for such service, and further avers that it had no concern with the matters and transactions set forth in the complaint except as the agent of the Caldwell and Northern Railroad Company in collecting the charges of that company for the time cars were held by and for the plaintiff at Lenoir, and that all such charges so collected of the plaintiff were for the use and benefit of the Caldwell and Northern, and were collected and paid over to that company under instructions of that company.

The defendant the Caldwell and Northern Railroad Company deny in its answer that the plaintiff ever paid any amount to the Carolina and North-western Railroad Company for the use and benefit of this defendant; and further averred that it had an agreement with the Carolina and North-western by which this defendant was to pay said company fifty cents per day for all box cars and twenty-five

cents per day for all flat cars handled by this defendant belonging to said company, and the Carolina and North-western was to pay this defendant the sum of fifty cents per day for all box cars and twenty-five cents per day for all flat cars handled by the said company belonging to this defendant; that this defendant never had any contract whatever with the plaintiff about delivering cars to his lumber yard, and has never delivered any cars to his yard; and that the plaintiff has never paid this defendant anything whatever for delivering cars to his yard.

At the trial, by consent, a jury trial was waived and the Court found the facts. Such of them as are necessary to the decision of the case will be stated:

The Carolina and North-western Railroad Company switched the cars over its own track to the switch track extending to the plaintiff's lumber yard and thence along said switch track to the plaintiff's lumber yard, for which the plaintiff paid that company fifty cents for each car so switched. The defendants entered into a contract in writing with each other with reference to the interchange of cars, by which platform cars were to be interchanged on the basis of twenty-five cents per day of twenty-four hours, or fraction thereof, no mileage to be charged in either instance. The Caldwell and Northern Railroad Company looked to the Carolina and North-western Railroad Company for the twenty-five cents per day for each day that the cars stayed on Bernhardt's siding, and that the Carolina and North-western Railroad Company would collect from Bernhardt accordingly. That agreement between the two companies was sent to and received by the plaintiff. Plaintiff wrote to the companies that the twenty-five cents per day for each day that the cars might be on his yard, Sundays not counted, would be satisfactory, or, in his own words, "I will pay for the day they are being unloaded, or as many days as I may

delay them by not unloading." In reply to that letter, and before the matters complained of had arisen, the plaintiff received a letter from the Superintendent of the Carolina and North-western Railroad Company in the following words:

"Dear Sir: Yours 4th inst. in reference to car interchange. When the C. & N. deliver you cars to us at Lenoir to go in your track, we will put them over there, and when you notify us, we will take them out and place them back on the C. & N. track, but the C. & N. people will charge us for these cars from the time they are delivered to you until they are placed back on their track, and we will have to look to you for the amount. If the failure to place them back promptly is due to any carelessness on our part, then it will be for you to show the fact, but as the C. & N. holds us responsible for these cars, we will have to hold you to whatever amount they hold us; as we are doing this business at accommodation price, we cannot afford to lose anything in it. As above stated I shall do what I can to move these cars for you, but there will sometimes be failures (such as delayed trains) to place your cars that we cannot be responsible for. In such cases we propose to give our work preference.

"Now if at any time you notify our road that these cars are ready to be moved out, and they are not, if you will notify me, I will endeavor to push them out, but I am not on the grounds and cannot undertake to lose anything by failures.

"I would advise that you ask for C. & N. W. cars to go on C. & N. track, when you want lumber from them to your yard in order that the cars when unloaded may be loaded by you out and save an extra switch, and relieve the possibility of not getting these cars back promptly after you unload them."

And in reply to that letter the plaintiff wrote that he would pay the twenty-five cents per day for cars required by it in

the letter, but would do so under protest, and that he would
endeavor to have it repaid to him, as he did not consider it a
just or reasonable charge.  The plaintiff afterwards paid
the amounts with full knowledge of all the terms and con-
ditions existing between the two roads as to the charge on
cars, and there was no agreement on the part of either of
them to repay the same.  The bills were made out by the
Carolina and North-western against the plaintiff for the
charges—the charges being for detention and embracing frac-
tions of days.  The Carolina and North-western collected of
the plaintiff the amount of the charges ($225) and accounted
to the Caldwell and Northern for the same, along with all
other of the Caldwell and Northern cars that went over the
Carolina and North-western road, as the plaintiff had
requested the Caldwell and Northern to do.  The plaintiff
could have unloaded the cars at the station in Lenoir and
hauled the lumber with wagons to his yard at a cost of fifty
cents per car, but it was more convenient for him to have
them switched to his yard by the Carolina and North-western.
The charge was for a rental or car service charge.

From all the facts found in the case, it is clear that the
charges made for the detention of the cars against the plain-
tiff were not the ordinary charges for demurrage, and the
rules governing that subject do not apply.  The plaintiff had
ready facilities for the transportation of lumber from the
terminus or depot of the Caldwell and Northern to his own
yard by wagon and horses, but for his own convenience he
made a contract with the defendant companies, fixing the
amount which should be due on the detention of cars upon
the switch leading to his yard.  The contract seems to be
clear and explicit.  The plaintiff knew what it meant, that
is, that the charge for each car should be twenty-five cents a
day and twenty-five cents for each fraction of a day, and he
protested against it before any charge had been incurred.

But, nevertheless, afterwards he availed himself of the contract because of its greater convenience to him. If there had been room for misunderstanding between the parties as to the meaning of the contract when it was entered into, that became an immaterial matter when afterwards the plaintiff, upon presentation of bills containing charges for fractions of days, paid the charges. This is not a case where one under peculiar conditions is compelled to pay an extortionate demand, such as would shock the conscience, unconscionable and unreasonable, or suffer great injury to his person or property if he does not yield. The plaintiff, according to the findings of fact, as we have seen, had other facilities for carrying his lumber to his yard at a reasonable cost, and he only chose the method he adopted because it was more convenient to him. There was no mistake here about the facts. They were all known, and if the plaintiff had reluctantly and under protest paid the charges, it was nevertheless his voluntary act and he cannot recover them back. *Devereux v. Ins. Co.,* 98 N. C., 6. Money voluntarily paid with a knowledge of all the facts cannot be recovered back, although there is no debt. *Comrs. v. Comrs.,* 75 N. C., 240; *Comrs. v. Setzer,* 70 N. C., 426. Nor if thus paid can it be recovered back, though paid in satisfaction of an unjust demand or one that had no validity. *Brummitt v. McGuire,* 107 N. C., 351. The Court gave judgment that plaintiff take nothing and that defendants recover their costs, and the same is affirmed.

Affirmed.