W. O. JONES et al. v. PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY OF NEW YORK.

(Filed 29 April, 1908).

1. Insurance—Renewable Term Plan—Convertible—Level Rates— Premium Specified — After Last-named Age — Higher Rates — "&c."

Plaintiff applied for and received from defendant company a policy of life insurance for three months only, payable at death, upon the "quarterly renewable term plan with participating premiums." The provisions contained in the policy were that the company would renew and extend the insurance during each successive quarter from its date upon the payment at stipulated times in each successive year during the life of the insured of the premium for the actual age attained, in accordance with a schedule rate attached, less the return premiums endorsed; that after the insured attained the age of sixty years the policy could be exchanged for one on the level or uniform plan at the unchanging rate for the then actual age attained. The level premium referred to was given in columns from the ages of sixty to sixty-five years, inclusive, for annual, semiannual and quarterly premiums, and at the bottom the words "&c., &c., &c." appeared. In construing the policy, when there was no contention of fraud: *Held*, (1) that the level premium rates are based upon a steadily rising premium at the actual cost of the hazard at the attained age at each renewal, and that the words "&c., &c., &c." mean "and so on" in increasing rates in proportion to the ordinary rate when changed to a level rate after the age for which the last rate was endorsed; (2) that the level premium rates to be paid by the insured after the age and rate last given are readily capable of determination in the same mode as those under that age.

2. Insurance—Premiums—Paid With Knowledge, Not Recoverable.

Voluntary payments of premiums made by the insured with full knowledge of the facts cannot be recovered by him.

ACTION tried before *Long, J.*, and a jury, at October Term, 1907, of WAKE.

Defendant appealed.

*Shepherd & Shepherd* and *T. M. Argo* for plaintiffs.

*James H. Pou, C. B. Aycock* and *J. N. Holding* for defendant.

CLARK, C. J.   The jury found all issues of fraud against the plaintiff, and found upon the other issues submitted that plaintiff ratified and acquiesced in the policy issued to him; that he did not demand a settlement before suit; that he made only two payments of premiums under protest; that the defendant has continuously carried on business in this State since August, 1887, maintained an agent herein, in all respects complied with chapter 62, Laws 1899, and became domesticated in this State.   The plaintiff did not appeal as to the verdict.   Nothing remains except to declare the meaning of the contract.

On 10 August, 1887, plaintiff applied to defendant for a policy, as follows:

"I hereby apply to the Provident Life Assurance Society of New York for an insurance of ten (10) thousand dollars, payable at my death, upon the quarterly renewable term plan, with participating premiums," etc.

And the defendant issued such a policy for three months only, and it contained the following terms and provisions:

"And the said society further agrees to renew and extend this insurance during each successive quarter year from date hereof, upon the payment, on or before the first days of November, February, May and August in each successive year during the life of the insured, of the premiums for the actual age attained, in accordance with the schedule rate printed on the back of this policy on each one thousand dollars insured, less the return premiums endorsed hereon."

"Sec. 5.   This form of policy may be exchanged at any time after the insured attains the age of sixty years for one on the level or uniform premium plan, for the same amount, at the unchanging rate for the then actual age attained, as printed below.

"Level premiums to secure $1,000 payable at death.   Other amounts in the same proportion.

JONES *v.* ASSURANCE SOCIETY.

| Age. | Annual. | Semiannual. | Quarterly. |
|------|---------|-------------|------------|
| 60 | $61.54 | $31.96 | $16.62 |
| 61 | 64.64 | 33.60 | 17.47 |
| 62 | 68.04 | 35.38 | 18.40 |
| 63 | 71.69 | 37.28 | 19.40 |
| 64 | 75.58 | 39.30 | 20.44 |
| 65 . | 79.75 | 41.48 | 21.59 |
| | &c. | &c. | &c." |

The plaintiff got the kind of policy he asked for, and his evidence shows that he understood it. The verdict, from which he does not appeal, settles that he was not imposed upon. The policy is somewhat peculiar. It is not the usual life policy with a level premium, but it has more of the characteristics of a fire insurance policy, renewable from time to time, and in force (like a fire policy) only when thus renewed, but with an express agreement for a gradual increase of premium at each renewal in proportion to the increased hazard of the risk.

In short, the plaintiff simply insured his life for three months at a time, with the right to renew at the beginning of each succeeding three months, without medical examination, by paying the premium for the attained age. As this attained age increased every year, so the premiums must and did increase every year. He was taking out a policy each quarter at his increased age and paying cost for the insurance. When his premiums paid more than the cost this excess was returned to him in dividends—sometimes in cash, at other times as credits on premiums. In addition to the right to renew every quarter his same policy, plaintiff had the option to exchange this policy (which of necessity would cost more and more the longer he lived, and if he lived to great age would become burdensome, because he would be paying the natural-rate premiums for old men) at any time after he attained the age of sixty years for a level-premium policy, and a table of the rates for a level-premium policy, beginning

with age sixty, was attached to his policy. Plaintiff now claims that this policy became automatically a level-premium policy at the age of sixty-five, without such exchange. He bases this contention upon the fact that the rates endorsed, while rising with each quarterly period up to sixty-five, ceased then to be named.

As the policy carried no reserve, was only a quarterly term policy, and all parts of the premiums not actually used as expenses and to pay death losses had been returned to plaintiff, and plaintiff's policy contained a clause allowing him to change to a level-premium policy at a specified and higher rate, we must conclude that plaintiff's claim is not based upon his policy, but is in opposition thereto. The plaintiff made no application to exchange for a level-rate policy under the option given. The words "&c., &c., &c.," as to such rates, mean "and so on" in increasing ratio, if the ordinary rate was changed to a level-rate after reaching sixty-five, for which age the last rate was endorsed.

The figures were not set out as to renewal rates to be charged after sixty-five, doubtless because in a renewable policy of this kind, based on the actual cost of the hazard *at the attained age,* few, if any, would care to renew after the age of sixty-five was reached. It would be more reasonable to argue, from the failure to endorse on the policy any rates of renewal after sixty-five, that the company would insure no one after that age than that the figures ceasing indicated that the premiums would automatically, without any express provision in the policy, change to a level rate. There is nothing to countenance the latter contention. The whole structure of the policy and nature of the contract are against it. They are based upon a steadily rising premium at the usual cost of the hazard at the attained age at each renewal. For the relief of those who might wish to continue insurance after sixty-five without the rapid increase of premium after that age there is a special provision authorizing a change from a rising premium to a

level rate at and after sixty years of age.   Of this provision the plaintiff did not avail himself.   The level rate thus endorsed for those changing to a level rate at sixty is much higher than the ordinary (rising) rate at sixty-five, which the plaintiff is now contending would become automatically the level rate after sixty-five.   If plaintiff's contention was well founded, the provision for a level rate after sixty would be both useless and contradictory.   The plaintiff contended that he insured on an agreement with the general agent that the premiums should never exceed that for sixty-five years, but the jury, in response to the second issue, found this not to be so.

The plaintiff could not recover the premiums paid voluntarily with full knowledge of the facts.   It is well settled that a voluntary payment of money with knowledge of all the facts cannot be recovered, even where there was neither debt nor liability.   *Adams v. Reeves,* 68 N. C., 134; *Commissioners v. Commissioners,* 75 N. C., 241.   The plaintiff admits that he knew every fact that he now knows when he made the payments after 1900, and the jury finds that no protest was made till 1 November, 1906, which was repeated 1 February, 1907.

The premiums to be paid after the insured arrived at sixty-five years, though not endorsed upon the policy, are readily capable of determination in the same mode as those under that age.   His Honor erred in construing the policy to restrict the premiums after sixty-five to the same amount as those endorsed for that age.   The jury having negatived all the allegations of fraud, upon the verdict judgment should be entered in favor of the defendant.

Reversed.