SWIFT HOOPER v. MERCHANTS BANK & TRUST COMPANY.

(Filed 4 November, 1925.)

1. **Principal and Agent—Special Agency—Bills and Notes—Payment—Attorneys' Fees—Contract—Consideration.**

    Where an agent has only the authority to pay a note due by his principal out of moneys in his hands, it is a special agency for that purpose, and where suit has been instituted on the note and costs incurred therein, the amount due upon the note is the principal, interest and court costs that have accrued to that time, exclusive of counsel fees, which are not recoverable, C. S., 2983, for which there is no consideration.

2. **Same—Notice—Excess Payment—Trusts—Actions.**

    Where a special agent for the payment of a note due by his principal to a bank has exceeded his authority in payment of the bank's attorneys' fees in a suit it had commenced thereon, and the bank has actual knowledge of the agent's limited authority, the money thus wrongfully collected by the bank is held by it to the use of the principal, and he may maintain his action to recover it.

3. **Appeal and Error — Evidence — Objections and Exceptions — Unanswered Questions.**

    Exceptions to the exclusion of evidence will not be sustained on appeal when directed to questions to which no answers appear in the record.

4. **Appeal and Error—Evidence—Harmless Error.**

    Where it appears on appeal that the admission on the trial of evidence excepted to could not have prejudiced the appellant, no reversible error will be found.

5. **Appeal and Error—Issues.**

    Issues submitted will not be held insufficient or their submission erroneous, when the parties have been afforded opportunity to introduce all pertinent evidence and apply it fairly.

APPEAL by defendant from FORSYTH Superior Court. *Schenck, J.*

Action by plaintiff against defendant to recover an alleged overpayment in settlement of a note. Defendant appealed from a judgment on a verdict in the county court. From a judgment affirming the judgment of the county court, defendant appeals. Affirmed.

Plaintiff's evidence tended to show the following:

That he owed the defendant a note in the sum of $2,500 with $22.50 accrued interest; that this note was a renewal representing a balance due the defendant out of a long series of transactions between plaintiff and defendant; that defendant had sued the plaintiff on this note and defendant's agent told plaintiff that the note must be paid; that plaintiff sold some real property to his brother, C. M. Hooper, who assumed mortgages thereon, and as plaintiff's agent, was applying, out of the balance, a sufficient amount to liquidate plaintiff's indebtedness. The note was dated 2 September, 1920, and due one day after date, and was paid 27 October, 1920. On this date plaintiff and his brother, C. M. Hooper, went to the defendant's place of business and asked for the note; that the note was in the office of defendant's counsel who had instituted suit thereon and the defendant sent for the note; that the plaintiff is a locomotive engineer and it became time for him to go to his "run" and he left his brother there to complete the settlement; that when the note was brought into the defendant's bank, discussion took place between the defendant's representative and plaintiff's brother, as to who should pay the attorneys' fee incurred in bringing the suit and plaintiff's brother finally said that, if defendant thought it was right for him to pay it, he would pay it. A check was drawn with the amount of note and interest, and $189.60 additional, making a total of $2,719.40, including $10.00 for costs of the suit pending. This $10.00 is not in controversy.

The defendant's evidence tended to show that there had been a long course of dealings between the plaintiff and defendant; that he had put them to much trouble and annoyance in not meeting his payments when due and had failed to give security promised; and that it was necessary to take steps to collect the note and that this matter was discussed with plaintiff's agent, and the attorneys' fee, in the sum of $189.60, was left with it for defendant's counsel, to whose credit it was immediately placed, and that such payment was voluntarily made by plaintiff's agent who either had the authority or the apparent authority to make such payment.

Plaintiff's evidence tended further to show that the defendant had actual notice that the plaintiff's agent, C. M. Hooper, did not have the express authority nor the apparent authority to make such payment,

and that it was without consideration, and that he did not ratify the payment of the attorneys' fee.

The trial court submitted the usual issue of debt to the jury, with instructions limiting the plaintiff's right to recover to the finding of the jury that the defendant must have had actual notice that plaintiff's agent did not have the authority to make the payment in excess of the interest and cost and principal of the note, with the appropriate instructions as to the burden of proof and their duty in the premises. The jury answered the issue as follows:

"In what amount, if any, is the defendant indebted to the plaintiff? Answer: $189.60, with interest from 27 October, 1920."

Defendant appealed to the Superior Court of Forsyth County, assigning errors, and from a judgment affirming the judgment of the county court, appealed to this Court.

*Swink, Clement & Hutchins for plaintiff.*
*J. E. Alexander and L. M. Butler for defendant.*

VARSER, J. The defendant's exceptions challenge instruction given to the jury in the county court as follows: "The principal is held to be liable on contracts duly made by his agent with a third person (1) when the agent acts within the scope of his actual authority; (2) when the contract, although unwise, has been ratified; (3) when the agent acts within the scope of his apparent authority, unless the third person has notice that the agent is exceeding his authority, the term "apparent authority," including the power to do whatever is usually done and necessary to be done, in order to carry into effect the particular power conferred upon the agent and to transact the business or to execute the commission which has been entrusted to him; and the principal cannot restrict his own liability for acts of his agent which are within the scope of his apparent authority by limitations thereon, of which the person dealing with his agent has no notice."

The foregoing is a correct statement of the law, clearly made, applicable to the facts in this case. The defendant has no basis for complaint at this instruction. When the verdict is interpreted in the light of this clear instruction, it appears that the jury has found that the defendant had actual knowledge that plaintiff's agent did not have the authority to make payment beyond the amount of the note, interest and costs in the suit on the note. These items were legal and just debts due by the plaintiff to the defendant bank. When plaintiff's agent paid the expense incurred by defendant in employing counsel, without authority, as the jury has found, upon defendant's request, this was clearly a receipt of money to the use of the plaintiff. *Bank v. McEwen,* 160 N. C.,

414; *Biggs v. Ins. Co.,* 88 N. C., 141; *Ferguson v. Mfg. Co.,* 118 N. C., 946; *Hall v. Presnell,* 157 N. C., 292; *R. R. v. Smitherman,* 178 N. C., 599; *Thompson v. Power Co.,* 154 N. C., 13; *Bank v. Hay,* 143 N. C., 326; *Wynn v. Grant,* 166 N. C., 39.

The facts in the instant record show a very little divergence between the contentions of the plaintiff and the defendant as to what happened with reference to the transaction out of which this suit arose. The defendant contends that it was a voluntary payment, with full knowledge of the facts, which cannot support this action to recover the money so paid. This is a correct principle as between the plaintiff and the defendant, when the facts support it. *Lambeth v. Power Co.,* 152 N. C., 371; *Beck v. Bank,* 161 N. C., 201; *Devereux v. Ins. Co.,* 98 N. C., 6; *Matthews v. Smith,* 67 N. C., 374; *Comrs. v. Comrs.,* 75 N. C., 240; *Pool v. Allen,* 29 N. C., 120; *Adams v. Reeves,* 68 N. C., 134; *Comrs. v. Setzer,* 70 N. C., 426; *Brummitt v. McGuire,* 107 N. C., 351. This transaction was had by plaintiff's agent and the defendant, and the jury finds that the defendant had actual notice that plaintiff's agent was without authority to make the payment in controversy. The law relating to voluntary payments by a party in person does not apply.

The defendant contends that plaintiff, after notice that his agent had made the payment, ratified the transaction and is therefore estopped to contend for a recovery of the same and moves in this Court to dismiss plaintiff's action, for that, the complaint does not set out sufficient facts to constitute a cause of action. Waiving plaintiff's contention that this motion is based upon the evidence and not upon the pleadings, we are of opinion that the doctrine of ratification does not apply. Plaintiff justly owed to the defendant bank $2,500 principal and $22.50 interest on his note held by the bank. A payment of this, after the bank had instituted suit, justly and properly entitled the bank to collect the actual court costs incurred in its suit on plaintiff's note, which was admittedly past due. There was ample consideration to support the payment of these items. That was the entire transaction authorized to be done by plaintiff's agent, according to the finding of the jury.

Immediately upon his finding out that the excess payment had been made, plaintiff goes to the defendant and demands a return of the excess payment, which is declined, and this suit is instituted to recover the same. The only part of the transaction that was open to this plaintiff to ratify, or not to ratify, was the payment of the excess above the items justly due the defendant. If he had attempted to disaffirm the payment of the amounts actually due, the defendant had the full right and ample power to refuse his demand. The items of the transaction are separable, although the entire payment was included in one

check to the defendant. The facts do not support the plea of ratification. The doctrine of ratification is clearly set forth in 21 R. C. L., 933; *Andrews v. Robertson,* 87 Am. St. Rep., 870; Meecham on Agency, sec. 167; *R. R. v. R. R.,* 147 N. C., 368; *Bank v. Justice,* 157 N. C., 373; *Bank v. Drug Co.,* 152 N. C., 142; *Christian v. Yarborough,* 124 N. C., 72; *Rudasill v. Falls,* 92 N. C., 226; *Crawford v. Barkley,* 18 Ala., 270; *Hodnett v. Tatum,* 9 Ga., 270; *Bank v. Hanner,* 14 Mich., 208; *Coleman v. Itache,* 1 Oreg., 115; *Norwood v. Lassiter,* 132 N. C., 57; *McCullers v. Cheatham,* 163 N. C., 64.

Ratification is based upon the plain principle of honesty that a party cannot retain the benefits and escape the burdens of an act done by an unauthorized agent. In this case the plaintiff has retained no benefits. His paid note is not a benefit. It is evidence of payment when marked paid or surrendered to him. The consideration for payment of note and interest was the obligation already incurred by plaintiff to the bank, and the note evidenced this obligation, and the payment of the costs automatically ended the bank's right to proceed with the suit, consequently it was the law that fixed the rights of the parties upon the payment. The law raised an implied promise to repay the money received without consideration.

A benefit as applied to the case at bar, is some legal right, or thing of value, that the plaintiff accepted for the excess payment to which he was not otherwise entitled. *Harness v. Lumber Co.,* 17 Okla., 624; Page on Contracts (2 ed.), secs. 514, 515; Williston on Contracts, vol. I, sec. 102A. There must be a consideration to support the payment by the unauthorized agent in order to give the principal the opportunity to accept or ratify.

A valuable consideration in a legal sense, may consist of either a benefit to the promissor, or a detriment to the promisee. Page on Contracts, *supra;* Williston on Contracts, *supra.,* sec. 99, *et seq.; Cherokee County v. Meroney,* 173 N. C., 653; *Mfg. Co. v. McCormick,* 175 N. C., 277.

Usually the act or promise is a benefit to the one and a detriment to the other, and when it is of such nature it comes clearly within the definition of consideration. *Kirkman v. Hodgin,* 151 N. C., 588; *Bank v. Bridgers,* 98 N. C., 67; *Brown v. Ray,* 32 N. C., 72; *Reddick v. Jones,* 28 N. C., 107; Page on Contracts, *supra.*

The law implies a promise on the consideration, when valuable, in the same manner that equity presumes a resulting trust in favor of the party paying the purchase price (*Tire Co. v. Lester, ante,* 411), in order that every person may have his own. The law never implies a consideration where none exists in fact, but the promise to pay or to

repay, is often implied by the law to prevent an injustice. The payment of a debt due is no consideration that would support a new promise on the part of the defendant. Williston on Contracts, sec. 120; *Jones v. Coffey,* 109 N. C., 515; *Pruden v. R. R.,* 121 N. C., 509; *Ramsey v. Browder,* 136 N. C., 251.

When the excess payment was made as requested by defendant, there was no consideration and the law raised an implied promise to repay the same to plaintiff. The amount expended in counsel fees by defendant is not chargeable to plaintiff. C. S., 2983; *Finance Co. v. Hendry,* 189 N. C., 549. The motions to nonsuit were properly overruled for these reasons.

The exceptions to the exclusion of evidence cannot be reviewed here because the record does not disclose what the answers of the witnesses would have been. *Armfield v. R. R.,* 162 N. C., 24; *Gorham v. R. R.,* 158 N. C., 504; *Warren v. Susman,* 168 N. C., 457; *Hall v. Hall,* 179 N. C., 571. This is the established practice in this Court in civil and criminal cases. *Newbern v. Hinton, ante,* 108.

The defendant further excepted because its objection to evidence offered by plaintiff was overruled. The evidence was not prejudicial to the defendant. Plaintiff was not present when the payment was made, and the matter of counsel fees did not come up until he had left to go to his duty as a locomotive engineer and that precluded a request to him, personally, to pay this item.

The issue of debt submitted to the jury was sufficient. The test of the sufficiency of issues is, "did the issues afford the parties opportunity to introduce all pertinent evidence and apply it fairly?" *Tuttle v. Tuttle,* 146 N. C., 484; *Deloache v. Deloache,* 189 N. C., 394, 400; *Elliott v. Power Co., ante,* 62. When issues meet this test they satisfy all the requirements of *Rudasill v. Falls,* 92 N. C., 222, and *Gordon v. Collett,* 104 N. C., 381.

The question of voluntary payment by the plaintiff did not arise. The payment was made by plaintiff's agent, and the jury finds he was not unauthorized to make it, and that defendant's agent requested the payment. The defendant's request for instructions was fully met in the lucid and accurate charge by the learned judge of Forsyth County Court, and upon the whole record it is apparent that this cause was correctly tried, and the Superior Court committed no error in sustaining the judgment.

The judgment of the Superior Court of Forsyth County that there is no error in the trial of this case in the county court is

Affirmed.