LeGRAND GUERRY, JR., EXECUTOR OF LeGRAND GUERRY, DECEASED, v. AMERICAN TRUST COMPANY, A CORPORATION, EXECUTOR OF HERMAN A. MOORE, DECEASED.

(Filed 12 December, 1951.)

**1. Pleadings § 15—**

The sufficiency of the answer to state a defense may be raised by demurrer.

**2. Pleadings § 19c—**

Upon demurrer to the answer, its allegations will be liberally construed, admitting for the purpose the truth of all allegations of fact as well as all relevant inferences of fact reasonably deducible therefrom, and the demurrer must be overruled if the answer is sufficient in any part or to any extent to state facts constituting one or more defenses. G.S. 1-151.

**3. Money Received § 1—**

The voluntary payment of money by a person who has full knowledge of all the facts cannot be recovered.

**4. Waiver § 2—**

Waiver is the voluntary relinquishment of a known right expressed or implied from acts and conduct naturally and justly leading the other party to believe that the right has been intentionally foregone.

5. **Landlord and Tenant § 10—Landlord voluntarily paying for repairs requested by sublessee without notice to lessee may not recover on covenant to repair.**

This suit involved the right of lessor to recover under the terms of the lease requiring lessee to keep the property in repair, the cost of repairs made by lessor. Defendant's answer alleged that lessee subleased by instrument requiring sublessee to repair, that lessor, with knowledge of all the facts, voluntarily paid for the repairs requested by sublessee without notice to lessee or demand that lessee perform the covenant to repair, and that the sublessee was in possession so that lessee had no knowledge of the necessity for repairs or opportunity to investigate. *Held:* The answer alleges the defense of a waiver in the nature of an estoppel, and demurrer thereto was improvidently sustained.

APPEAL by defendant from *Bennett, Special Judge,* 19 March, 1951 Extra Civil Term, MECKLENBURG.

Civil action to recover payments made by plaintiff and his testator for repairs or replacements upon a building described in a lease. Both the lessor and the lessee are now dead and this suit is between the personal representatives of each.

The original lease, dated 11 October, 1940, contains an extension option which was exercised extending the lease to 31 October, 1952. Under the lease the tenant was obligated to do all repair work and maintain the building both inside and out, except for injuries resulting from natural decay and unavoidable accident. The lessee, Herman A. Moore, was granted the right to assign the lease and on 7 January, 1944, he assigned said lease to his wife, Emmie McConnell Moore. Under this assignment, Mrs. Moore subleased the property to Hood Motor Company, Inc., for the full extended term. The sublease contained substantially the same provisions with respect to repairs as the original lease.

Plaintiff alleges a violation by the tenant of the original lease in that he failed to make repairs as therein required, and alleges that repairs were made by plaintiff's testator in the year 1946 and by plaintiff in the years 1948 and 1949 in the aggregate amount of $3,261.00. Plaintiff demands reimbursement from the tenant.

The defendant answering avers that the repairs referred to were made by plaintiff and his testator at the request of the subtenant, Hood Motor Company, Inc., without notice to the defendant and without giving him an opportunity to examine the premises or otherwise protect his rights under the original lease and under the sublease. The subtenant is in possession. Defendant further alleges that he had no notice that any repairs were necessary or that the plaintiff claimed any repairs were necessary until 1949, after the repairs had been made. He asserts that the plaintiff and his testator did not give the defendant any notice or opportunity to determine whether the repairs were necessary, or if neces-

sary, a chance to call upon Hood Motor Company, Inc., to make the repairs under the terms of the sublease. He also contends that such actions and conduct of the plaintiff and his testator amounted to abandonment and a waiver of their rights with respect to the repair and maintenance provisions of the original lease and further that the plaintiffs are estopped to make a claim against the defendant for the repairs so voluntarily made. The defendant also contends that the payments made by the plaintiff and his testator were voluntary payments made with full knowledge of all the facts and in such a way as to make the plaintiff and his testator volunteers and to preclude a recovery in this action.

Plaintiff filed a general demurrer to the defendant's answer, further answer and defense, and second further answer and defense, on the ground that the defendant's pleading did not state facts sufficient to constitute a defense to plaintiff's cause of action. The demurrer was sustained. Defendant excepted and appealed.

*Lassiter, Moore & Van Allen for plaintiff, appellee.*
*B. Irvin Boyle for defendant, appellant.*

VALENTINE, J. Was the court below correct in sustaining the plaintiff's general demurrer to the defendant's entire answer? This is the only question for decision upon this appeal.

It is settled that the sufficiency of an answer may be challenged and tested by a demurrer. McIntosh, page 507, sec. 475; *Williams v. Hospital Association, ante,* 536. A demurrer admits the truth of all the allegations of fact contained in the pleading as well as all relevant inferences of fact reasonably deducible therefrom. *Insurance Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369, and cases there cited. Both the statute, G.S. 1-151, and the decisions of this Court on the subject are to the effect that a pleading as against a demurrer must be liberally construed in favor of the pleader. Facts alleged in an answer, although inartfully drawn, are sufficient to withstand a demurrer, if upon a liberal construction thereof the pleading is sufficient to present one or more defenses. *Pridgen v. Pridgen,* 190 N.C. 102, 129 S.E. 419; *Dixon v. Green,* 178 N.C. 205, 100 S.E. 262; *Farrell v. Thomas,* 204 N.C. 631, 169 S.E. 224; *King v. Motley,* 233 N.C. 42, 62 S.E. 2d 540.

A pleading must be fatally and wholly defective before it will be rejected as insufficient. If the answer contains facts sufficient to constitute one or more defenses in any part or to any extent or if facts sufficient for that purpose can be fairly gathered from it, it is not demurrable, regardless of how uncertain or inartfully drawn it appears, or how defective or redundant its statements may be. Every reasonable intendment and presumption must be made in favor of the pleader. *Fairbanks v.*

*Murdock,* 207 N.C. 348, 177 S.E. 122; *Vincent v. Powell,* 215 N.C. 336, 1 S.E. 2d 826; *Insurance Co. v. McCraw, supra; Presnell v. Beshears,* 227 N.C. 279, 41 S.E. 2d 835; *Dickensheets v. Taylor,* 223 N.C. 570, 27 S.E. 2d 618; *S. v. McCanless,* 193 N.C. 200, 136 S.E. 371; *Steele v. Cotton Mills,* 231 N.C. 636, 58 S.E. 2d 620; *Bryant v. Ice Co.,* 233 N.C. 266, 63 S.E. 2d 547.

The defendant sets up as defenses that sometime during the year 1946 Hood Motor Company, Inc., the subtenant then in possession of the premises, notified and called upon Dr. LeGrand Guerry, the owner and lessor of the premises, to make certain repairs to the building, and pursuant thereto Dr. Guerry procured the repairs and paid for the same; that after the death of Dr. Guerry the said Motor Company in the years 1948 and 1949 notified and called upon the executor of the estate of Dr. Guerry for further repairs to the leased building and on both occasions the plaintiff caused the said repairs to be made and paid for the same; that the defendant was never notified either by Dr. Guerry or his executor or anyone else that repairs were necessary to the said premises; that neither Dr. Guerry nor his executor required the Motor Company to make the repairs although they knew at all times that the said Motor Company was in possession of the premises under a sublease of the defendant; that the failure of such notice to the defendant prevented him from ascertaining whether repairs were necessary, and, if so, whether such repairs were required of him under the terms of his lease and further prevented him from requiring the Hood Motor Company to make said repairs as required of it under the sublease. Upon these facts, the defendant contends that he had no chance to ascertain whether the repairs to the building were necessary and whether they were included in or excluded from the covenant to repair contained in his lease. He further contends that Dr. Guerry and his executor had full knowledge of all the facts and circumstances surrounding the entire transaction and that the repairs were voluntarily made and paid for by Dr. Guerry and his executor and that the defendant is therefore not liable for the costs of said repairs or any part thereof.

Defendant's allegation that the plaintiff and his testator were volunteers in making and paying for the repairs brings them within the well established rule of law that the voluntary payment of money by a person who has full knowledge of all the facts cannot be recovered. *Commissioners v. Commissioners,* 75 N.C. 240; *Commissioners v. Setzer,* 70 N.C. 426; *Brummitt v. McGuire,* 107 N.C. 351, 12 S.E. 191. To the same effect is *Bank v. Taylor,* 122 N.C. 569, 29 S.E. 831; *Bernhardt v. R. R.,* 135 N.C. 258, 47 S.E. 427; *Williams v. McLean,* 220 N.C. 504, 17 S.E. 2d 644.

A waiver is sometimes defined to be an intentional relinquishment of a known right. The act must be voluntary and must indicate an intention or election to dispense with something of value or to forego some advantage which the party waiving it might at his option have insisted upon. The waiver of an agreement or of a stipulation or condition in a contract may be expressed or may arise from the acts and conduct of the party which would naturally and properly give rise to an inference that the party intended to waive the agreement. Where a person with full knowledge of all the essential facts dispenses with the performance of something which he has the right to exact, he therefore waives his rights to later insist upon a performance. A person may expressly dispense with the right by a declaration to that effect, or he may do so with the same result by conduct which naturally and justly leads the other party to believe that he has so dispensed with the right. *Alexander v. Bank,* 155 N.C. 124, 71 S.E. 69; *Furniture Co. v. Cole,* 207 N.C. 840, 178 S.E. 579.

Neither the plaintiff nor his testator were under legal or contractual obligation to make the repairs. They had the right to demand that the tenant comply with his contract in this respect and make the necessary repairs. They knew that the original tenant was not in possession and that he, therefore, would have no knowledge of the necessity for repairs. There was no demand upon or refusal by the defendant to perform the covenant to repair. Hence, the voluntary acts of plaintiff and his testator in making the repairs and paying for the same without notice to or demand upon the tenant constitute a waiver in the nature of an estoppel. *Clement v. Clement,* 230 N.C. 636, 55 S.E. 2d 459.

Substantial justice between the parties is the point always in view in the construction of pleadings. *Kemp v. Funderburk,* 224 N.C. 353, 30 S.E. 2d 155. Measuring the facts set up in defendant's answer by the applicable rules of law, it would appear that the defendant's answer is sufficient to repel plaintiff's demurrer. It follows, therefore, that his Honor was in error in sustaining plaintiff's demurrer, and we so hold.

Reversed.