JAMES A. COLLINS, E. B. COLLINS AND COLLINS AUTO SUPPLY COMPANY, A CORPORATION, v. ALICE C. COVERT.

(Filed 22 May, 1957.)

1. Evidence § 32—

A party or person interested in the event is incompetent to testify in his own behalf or interest as to a personal transaction or communication with a deceased person in an action against the personal representative of the deceased or a person deriving title or interest from, through or under the deceased. G.S. 8-51.

2. Same—

In an action by a corporation and the surviving principal stockholders against the widow of a deceased principal stockholder, involving the liability of the corporation under its contract for the purchase of the stock of the deceased stockholder, the surviving partners are incompetent to testify as to conversations between the partners modifying the stock purchase agreement in favor of the corporation or the surviving partners.

3. Corporations § 15—Construction of contract for the purchase of stock of a deceased stockholder by the corporation.

The stockholders of a close corporation entered into an agreement whereby, in the event of the death of a stockholder, the surviving stockholders obligated themselves to have the corporation purchase the stock of the deceased stockholder. The corporation was to pay for such stock

first out of the proceeds of insurance carried on the life of each respectively by the corporation, and the balance from funds of the corporation when the surviving stockholders deem the withdrawal of such funds advisable, with further provision that until the final payment for such stock "the widow" of the deceased stockholder should receive monthly a stipulated sum per share of the stock. *Held:* Under the unambiguous language of the agreement, the word "widow" referred to the person and not the *status* of the surviving wife of a stockholder, and her subsequent remarriage has no bearing upon her right to receive the stipulated sums monthly until the full purchase price of the stock had been paid.

**4. Money Received § 1—**

A payment voluntarily made with full knowledge of all the facts cannot be recovered although there was no debt.

APPEAL by plaintiffs from *Gwyn, J.,* November Civil Term 1956 of GUILFORD (High Point Division).

This is a civil action tried without a jury on an agreed statement of facts. The pertinent parts of the facts necessary to an understanding of the questions presented for determination on this appeal, are stated below.

1. In June 1951 the plaintiff appellants, James A. Collins and E. B. Collins, and Charles W. Collins, now deceased, all brothers, owned and operated the Collins Auto Supply Company in High Point, North Carolina. On 30 June 1951 the three brothers entered into an agreement whereby, in the event of the death of any of the said brothers, the surviving stockholders obligated themselves to have the corporation purchase the stock of the deceased stockholders out of funds of the corporation.

2. It was set out in the agreement that the corporation carried three policies of insurance upon the parties to the agreement, each in the amount of $15,000.

3. It was provided that the purchase price of the stock was to be determined by the value placed upon said stock at the last annual meeting of the stockholders preceding the death of any stockholder.

4. That the surviving parties should cause to be paid on the purchase price of the stock the sum of $15,000 to the estate of the deceased stockholder immediately upon payment of said sum to the corporation by the insurance company.

5. The surviving parties further agreed to pay the balance of the purchase price of said stock whenever in the opinion of a majority of the board of directors, at a duly convened regular or special meeting, it should be deemed advisable for funds to be withdrawn from the corporation to pay said balance. The agreement contained the further provision: "Prior to the payment of the balance of the purchase price, the widow of the deceased stockholder shall be paid by the corporation

a monthly salary of $5.00 per share of stock held by her deceased husband at the time of his death."

6. Charles W. Collins died on 28 March 1952 leaving surviving him his widow, Alice C. Collins, age 33, and three children: Charles, Jr., 12 years of age, and Alice A., 4 years of age, born of his union to Alice C. Collins, and a grown daughter by a former marriage, Mary Love Collins, who had lived with her relatives since she was 13 months old. At the time of his death Charles W. Collins owned 40 of the 100 shares of the capital stock of Collins Auto Supply Company, the value of which was duly determined to be $1,000 per share.

7. In accord with the terms of the agreement, the corporation paid certain sums on the agreed purchase price for the stock, in addition to the proceeds received from the insurance company on the life of Charles W. Collins, deceased. It likewise paid the widow of Charles W. Collins $5.00 per share per month, or $200.00 per month, while she remained unmarried, and for eleven months after she remarried on 23 July 1954.

8. After extended negotiations, an agreement was reached on 12 July 1956 for the payment of the balance due on the purchase price of the stock, except that plaintiffs demanded credit for the sum of $2,200 paid to Alice C. Covert after her remarriage. Alice C. Covert waived her claim to any additional payments under the terms of the agreement but refused to repay the $2,200. This amount was placed in escrow pending the determination of the rights of the parties.

The court below held the defendant was entitled to the payments made after her remarriage, and judgment was accordingly entered.

Plaintiffs appeal, assigning error.

*J. V. Morgan and Edward N. Post for appellants.*
*James B. Lovelace for appellee.*

DENNY, J. The plaintiffs' first assignment of error is based on the exceptions to the refusal of the court below to permit James A. Collins and E. B. Collins to testify in support of an allegation in their complaint as to a conversation between them and Charles W. Collins, now deceased, to the effect that after the agreement was signed on 30 June 1951, it was "agreed that the payments to be made to the 'widow' of either of them would terminate upon that 'widow's' remarriage and they agreed not to have the contract rewritten because of added attorney's fees for having that done."

Upon objection of defendant's counsel to the admission of the proffered evidence, the court below sustained the objection.

The pertinent provisions of G.S. 8-51 read as follows: "Upon the trial of an action, . . . a party or a person interested in the event, . . . shall not be examined in his own behalf or interest, . . . against

. . . a person deriving his title or interest from, through or under a deceased person . . . concerning a personal transaction or communication between the witness and the deceased person . . ."

The testimony of a witness is incompetent under the provisions of the above statute when it appears (1) that such witness is a party, or interested in the event, (2) that his testimony relates to a personal transaction or communication with the deceased person, (3) that the action is against the personal representative of the deceased or a person deriving title or interest from, through or under the deceased, and (4) that the witness is testifying in his own behalf or interest. *Sanderson v. Paul*, 235 N.C. 56, 69 S.E. 2d 156; *Peek v. Shook*, 233 N.C. 259, 63 S.E. 2d 542; *Bunn v. Todd*, 107 N.C. 266, 11 S.E. 1043.

These plaintiffs are not only parties to this action but they are directly and primarily interested in the event of the action. *Peek v. Shook, supra; Cartwright v. Coppersmith*, 222 N.C. 573, 24 S.E. 2d 246; *Bunn v. Todd, supra;* Stansbury on North Carolina Law of Evidence, section 66. This assignment of error is without merit and is, therefore, overruled.

Assignments of error Nos. 2 and 3 are based on exceptions to the construction the court below put upon the word "widow" as it appeared in the context of the contract executed on 30 June 1951.

The court held that the word "widow" as used in the buy and sell agreement referred to in the statement of facts, meant the person rather than the status of the surviving wife of any deceased party to said contract and in this cause meant Alice C. Covert, formerly Alice C. Collins, and that it was the intent of the parties for the word "widow" to have such meaning.

We think the construction placed on the word "widow" by the court below is correct. A careful consideration of the applicable provisions of the contract leads us to the conclusion that the parties to the contract intended at the time of its execution to place no limitation as to the length of time the $5.00 per share per month should be paid to the widow of any one of the three parties, except the time from the date of the death of her husband and the date final payment was made to the personal representative of her husband's estate for the purchase of his stock. The contract so provides in unequivocal and unambiguous language. Therefore, whether or not Alice C. Collins ceased to be the widow of Charles W. Collins when she remarried has no material bearing on the decision in this case.

These plaintiffs, with full knowledge of all the facts, continued to pay the defendant the sum of $200.00 per month for eleven months after her remarriage. A payment voluntarily made, with a knowledge of all the facts, cannot be recovered although there was no debt. *Guerry v. Trust Co.*, 234 N.C. 644, 68 S.E. 2d 272; *Williams v. McLean*, 220 N.C.

504, 17 S.E. 2d 644; *Jones v. Assurance Society,* 147 N.C. 540, 61 S.E. 388; *Bernhardt v. R. R.,* 135 N.C. 258, 47 S.E. 427; *Bank v. Taylor,* 122 N.C. 569, 29 S.E. 831; *Brummitt v. McGuire,* 107 N.C. 351, 12 S.E. 191; *Devereux v. Insurance Co.,* 98 N.C. 6, 3 S.E. 639; *Commissioners v. Commissioners,* 75 N.C. 240. Even so, in our opinion, the defendant was entitled to these payments notwithstanding her remarriage, and we so hold.

The judgment of the court below is

Affirmed.