Reads J.
 

 The defendant’s first objection is, “that the transaction was fraudulent.” Whether there was fraud or not was a question of fact for the jury, under proper instructions from the court. That part of the charge which was excepted t,o is, “that any fraudulent purpose on the part of the pledgor, to which the pledgee was not a party, did not affect the pledge.” We see no error in this. To render a contract void for fraud, the fraud must affect the
 
 contract.
 
 
 *519
 
 A contract is not the
 
 purpose
 
 of
 
 one
 
 but the
 
 agreement
 
 of
 
 ttoo
 
 minds.
 

 The defendant’s second exception cannot be sustained. It-is true that to the validity of a pledge it is necessary that there should be a delivery to the pledgee, and that his possession should continue, and that the pledge is lost by giving the pledgor the control of it. But the fact that the pledgee authorized the pledgor as his
 
 agent
 
 to take the mare to Greensboro to try to sell her to raise money to pay the debt for which she was pledged, does not contravene that rule, because the possession of the agent was the possession of the principal.
 

 It was insisted for the plaintiff in this court, that the defendants were tort feasors and therefore could not question
 
 his title.
 
 That would be true if this were an action of
 
 trespass
 
 ; but, it is not true in an action of
 
 trover,
 
 which involves the title and in which it is alleged that the defendants
 
 found
 
 and converted his
 
 property.
 
 But the other points being for the plaintiff, this is not material.
 

 There is no error.
 

 Per Curiam. Judgment affirmed.