THEODORE GORDON and wife v. AUSTIN COLLETT, RUFUS AVERY et al.

### Contract—Issues—Statute Frauds.

1. A parol contract for the sale of land is not void, but voidable at the election of the party charged therewith.
2. It is the duty of the Court to submit to the jury every material issue raised by the pleadings unless waived by the parties.

This was a CIVIL ACTION, tried before *Philips, J.*, at the Fall Term, 1889, of BURKE Suprerior Court, for the recovery of a debt, and to subject land to the payment thereof. The facts upon which the action is founded are set out|in *Gordon v. Collett*, 102 N. C., p. 532, in which the former appeal in this case was considered.

Plaintiff tendered the following issues:

2. Did the defendant Collett, by agreement with Mrs. Avery, abandon and renounce his contract of purchase of the land in controversy?

3. If so, was such abandonment and renunciation before the execution of the mortgage by Collett and wife to the plaintiff, and if so, on what date?

4. Did the defendant Collett abandon his contract of purchase with M. C Avery in favor of Rufus Avery prior to the execution of plaintiffs' 'mortgage?

The Court refused these, and submitted the following issues:

In what amount, if any, are the defendants Collett and wife indebted to the plaintiffs?

What amount of purchase money is due upon the land?

To the first of these issues the jury responded $295.62, with interest on $253.90 from August 5, 1889, and to the second "seven and 84-100 dollars to Rufus Avery."

The plaintiffs offered evidence as set out in *Gordon* v. *Collett*, 102, *supra*, and other evidence which was admitted, and defendants excepted.

Defendant Rufus Avery offered to prove, by himself, that defendant Austin Collett, by his acts and conduct, prior to October 27, 1885, abandoned his contract of purchase of the land in controversy. Upon objection by plaintiffs, this was ruled out by the Court. Defendants excepted.

Defendants offered other evidence, tending to show such abandonment, and in support of his fourth issue, tendered and refused by the Court. This was likewise ruled out and excepted to.

*Mr. S. J. Ervin*, for the plaintiffs.
*Mr. J. T. Avery* and *Mr. J. B. Batchelor*, for the defendants.

MERRIMON, C. J.: In the former appeal in this case (*Gordon* v. *Collett*, 102 N. C., 532) we said: "In his answer, Rufus Avery expressly alleges that Austin Collett, a long

while before he executed the mortgage to the plaintiffs, abandoned his parol contract of purchase of the land, and consented to allow him to pay for it and take the title, and there was some evidence produced on the trial tending to prove this allegation. Collett might thus abandon his executory contract, or transfer it to another. We can see no reason why he could not The contract to convey was not a conveyance of the title to the land, and might be abandoned. If the allegation just mentioned was true, then Collett conveyed nothing by his deed of mortgage to the plaintiffs, because he had nothing to convey—not even an equity. The plaintiffs, in their reply, expressly deny the allegation of the answer just mentioned and thus a material issue of fact was raised by the pleadings. The defendants did not waive the trial of this issue, nor did the Court submit it to the jury." Nor did the defendant Rufus Avery waive such issue on the last trial in the Court below. On the contrary, he offered evidence tending to prove such alleged abandonment in his favor of the unwritten contract of sale of the land in question, first made between M. C. Avery and the defendant Collett, and asked the Court to submit to the jury the issue in that respect, plainly raised by the pleadings. The Court, however, refused to submit such issue, and, likewise, to receive the evidence.

Why it was so refused does not appear. It seems, judging from the argument here of the appellee's counsel, that it may have been of opinion that Collett could not abandon his unwritten contract of purchase of the land, or assign it to the defendant Rufus Avery, otherwise than by a writing. But this Court had expressly decided otherwise, and it was the duty of the Court below to observe the law as applied by this Court. It may be that such refusal was occasioned by something that appeared on the trial but does not appear in the record.

This unwritten contract mentioned was not void necessarily—it was only voidable at the instance of the party to

be charged thereby, and the same may be said of the unwritten assignment thereof. That such contracts are not absolutely void, but only voidable, has been settled by a great multiplicity of decisions in this Court.

If the unwritten contract was so assigned to Rufus Avery, and *he paid the purchase money for the land*, as he alleges he did, it may be that when, afterwards, the contract was sufficiently put in writing to render it effectual, as explained fully in *Gordon* v. *Collett, supra*, it enured to his benefit. But we are not now called upon to decide any question in that respect.

There was evidence produced on the trial tending to prove that the defendant Collett paid a large part of the purchase money of the land. There was also evidence tending to prove that Rufus Avery agreed for a special consideration to pay the purchase money for Collett, and in default of the latter to pay that consideration he should have the title to the land made to him. Indeed, the evidence—much of it—was confused and conflicting, but this did not preclude or render unnecessary, the trial of a material issue raised by the pleadings, when the defendant offered evidence—some evidence—it must be so taken—bearing upon it, and demanded that it should be submitted to the jury. It might be that the latter would believe the evidence offered and rejected, and find the issue in favor of the complaining party. Precisely what the evidence offered and rejected was, does not appear. It is stated in the case, that the defendant offered evidence tending to prove material facts, pertinent, as suggested, and the Court refused to receive it, and it must be taken that evidence pertinent and proper was offered. It seems that the Court deemed it wholly impertinent, and not applicable to any issue submitted, or that ought to have been submitted.

There is error, such as entitles the defendants to a new trial, and we so adjudge.

Error.