J. P. HAYNES v. DAVID ROGERS et al.

*Fraudulent Conveyances—Evident Intent—Notice—Questions for Jury.*

1. When a plaintiff attacks a deed absolute on its face for fraud, it is incumbent on him to show by a preponderance of testimony a fraudulent intent on the part of the grantor, and knowledge of that intent on the part of the grantee.

2. These questions of intent and knowledge are for the jury, and it was error for the Court to charge them to find for the plaintiff, where there was evidence upon which they might have found otherwise.

CIVIL ACTION to recover land, tried at Spring Term, 1892, of JACKSON Superior Court, before *Hoke, J.*

Plaintiff claimed the land in controversy under a deed made to him by the Sheriff of Jackson County, dated April 23, 1891, the said land having been sold under execution against one of the defendants, Nathan Coward, returnable to Spring Term, 1891, of Jackson Court. The defendant Rogers claimed the land under a deed made to him by Nathan Coward, dated February 13, 1891, and registered February 14, 1891. The plaintiff contended that the deed made by Coward to Rogers was fraudulent and void, and in support of this contention produced the following testimony:

Deeds from defendant Nathan Coward—

1. To J. D. Coward, dated March 15, 1887; registered September 12, 1890.

2. To R. R. Coward, dated September 9, 1890; registered September 10, 1890.

3. To A. B. Coward, dated September 9, 1890; registered February 19, 1891.

4. To Mary A. Zachary, dated February 13, 1891; registered September 25, 1891.

HAYNES *v.* ROGERS.

5. To defendant David Rogers, for the land described in complaint, dated February 13, 1891; registered February 14, 1891.

6. Deed from R. P. Potts, of firm of Potts & Coward, to Sophia C. Coward, wife of defendant Nathan Coward, dated February 14, 1891; registered September 16, 1891.

7. To L. J. Smith, dated February 13, 1891; registered February 14, 1891, and proved that the grantees in said deeds, R. R., O. B. and J. D. Coward and Mary A. Zachary, were children of defendant Nathan Coward; that L. J. Smith is his son-in-law, and David Rogers is brother-in-law of defendant Nathan Coward; that Sophia C. Coward, wife of Nathan Coward, had no property at time of deed to her from Potts, above mentioned. There was also evidence tending to show that defendant Nathan Coward had no property remaining to him after execution of above deeds, except the property allotted to him by the appraisers above referred to.

R. P. Potts, witness for plaintiff, testified that Potts & Coward dissolved or sold out their stock of goods in the latter part of 1890, or early in 1891, for $2,000, and applied the proceeds of sale to the payment of firm debts; that the firm owed at that time from $4,000 to $5,000, about $4,500; their assets amounted, of the stock of goods above mentioned, and notes and accounts, mortgages, etc., to the nominal amount, with goods, of $900 more than their debts, some of which were insolvent; that, in addition to the $2,000 for which the stock was sold, they had succeeded in collecting about $600 on the notes, accounts, etc., which had also been applied on the firm indebtedness.

Defendant Henson testified for plaintiff that he rented the land in December, 1891, from the defendant Coward for two years; that Coward told witness at the time he had sold the property, but was to have possession for two years.

Defendant Rogers testified for plaintiff that defendants Coward and Henson were in possession of the land sued for

when the action was commenced; that witness was a brother-in-law of defendant Coward; that defendant Coward came to witness on 13th February and proposed to sell the land here sued for to witness; that Coward had the deed prepared, and afterwards had same registered; that witness was to pay $2,000 for land if he paid for it in two years, or $2,500 if he paid for it in five years, and Coward was to retain possession of land and have the rents and profits of same for two years from date of deed. Some days after deed was registered, witness drew up and signed an obligation to pay for land in two years, or five years, and witness was not to pay for land unless the title turned out to be good Witness had heard Coward was embarrassed from other parties; had heard there were judgments against him (not from Coward), and fixed the obligations that way to make witness safe, and so he would not have to pay for land unless he got the title. Witness further stated that Coward and he had talked of trading land for some four months before they did trade, but witness did not buy at that time; that at time of trade nothing was said about defrauding anybody; that witness bought the land in good faith, and intended to pay for it, and did not intend to defraud anybody. Plaintiff rested his case and defendant introduced no evidence.

The Court charged the jury that on the evidence of defendant, and other evidence in the cause, the law raised a presumption of fraud, and there was no evidence tending to rebut the presumption, and if the jury believed the evidence they would find issue for plaintiff.

There was verdict for plaintiff.

Defendant moved for new trial for errors of Court. Among others that the Court charged that there was presumption of fraud in evidence, and no evidence tending to rebut presumption. Motion overruled. Judgment on verdict. Appeal.

*Mr. G. A. Jones*, for plaintiff.
*Mr. T. F. Davidson*, for defendants.

BURWELL, J.: The deed which the plaintiff attacks in this action is an absolute one from N. A. Coward to the defendant Rogers, made for a valuable consideration. It was therefore necessary for him to establish by a preponderance of testimony, not only the fraudulent intent of the grantor, but also the knowledge of that intent on the part of the grantee. *Reiger* v. *Davis*, 67 N. C., 185; *Beasley* v. *Bray*, 98 N. C., 266; *Savage* v. *Knight*, 92 N. C., 493. It was within the province of the jury alone, under proper instructions, to determine whether or not the defendant Rogers had that knowledge, and his Honor erred when he told them to find the issue for plaintiff if they believed the evidence; for by this instruction he took from them a question which they alone had the right to determine. There was no admission of this knowledge on the part of the grantee Rogers, nor any direct evidence of it. There were other facts established, some by the testimony of Rogers himself, from which it seems the jury might most reasonably have inferred that he knew of his grantor's fraudulent intent; but it was their duty to say what weight should be given to this evidence, and whether or not they would draw this inference.

Error.