GEORGE R. CALVERT v. C. B. ALVEY.

(Filed 25 May, 1910.)

1. **Principal and Agent—Subsequent Declarations—Res Gestæ—Evidence.**

   Evidence of declarations of an agent to be competent must be made at the time of the transaction complained of, so as to constitute them a part of the *res gestæ.*

2. **Deeds and Conveyances—Trust Deeds—Fraud—Cestui Que Trust —Book Evidence—Res Inter Alios—Incompetency.**

   In an action to set aside a deed of a purchaser at a sale of land under a deed of trust made to an officer of a bank to secure a

bank loan, the books of the bank are incompetent to show fraud in the dealings of the officer with his bank, without evidence of agency existing between the purchaser and such officer, it being *res inter alios acta.*

3. **Deeds and Conveyances—Trust Deeds—Fraud of Grantor—Grantee—Burden of Proof.**

In an action to set aside a deed for fraud, it is necessary for the plaintiff to show that the grantee was guilty of the fraud, or that he knew of, or participated·in, the fraud of the grantor.

4. **Deeds and Conveyances—Trust Deeds—Fraud—Bona Fide Debt—Cestui Que Trust—Purchaser at Sale—Title.**

A *cestui que trust* of a deed conveying a naked title to land to a trustee to secure a *bona fide* debt, without knowledge at the. time of its execution of fraud of the trustee practiced upon the grantor, may thereafter, with knowledge of such fraud, bid in the property at a sale, under a power in the deed, to save his debt.

5. **Deeds and Conveyances—Trust Deed—Fraud—Knowledge of Trustee—Evidence—Cestui Que Trust.**

The knowledge of fraud sufficient to avoid the deed of one holding a naked trust to foreclose a deed of trust on lands in default of the payment of a loan, whose duties are merely nominal, except in case of foreclosure, and then clearly marked and defined in the deed, is not imputable to the *cestui que trust.*

6. **Deeds and Conveyances—Trust Deeds—Bona Fide Debt—Fraud—Relationship—Presumptions—Burden of Proof.** ₒ

. In an action to avoid a deed of trust on lands given to secure a loan made by the *cestui que trust,* and alleging fraud on the part of the grantor, the burden of proof is not on the *cestui que trust* to show the *bona fides* of the transaction, there being no averment or evidence of kinship or other relationship between them to raise a presumption of fraud; and even if it were otherwise here, the plaintiff's evidence has established its *bona fides* by producing the paid check given for the loan secured.

APPEAL from *Justice, J.,* at March Term, 1910, of BUNCOMBE.

The action is brought by the assignee of certain judgments against W. H. Penland and others to set aside, on ground of fraud, a certain deed in trust dated 20 July, 1897, executed by W. H. Penland, Mary B., Althea M. and Mary C. Penland to Joseph E. Dickerson, trustee, covering nine tracts of land, securing the payment of a note to Mrs. C. B. Alvey in the sum of $10,000. It appears on the face of the deed in trust that it is made subject to a mortgage to J. E. Rumbough, trustee, for $8,000, and also a deed in trust to Jacob Friedman, trustee, for $7,000.

On 31 October, 1898, the deed in trust was foreclosed under the power of sale and the nine tracts of land·were purchased by and conveyed to C. B. Alvey, in consideration of $5,000.

This action is brought to set aside said deed in trust to Dickerson, trustee, and the subsequent conveyance under it to Mrs. Alvey, and for an accounting from her for rents and profits and proceeds of sale of lands sold by her over and above the amounts disbursed in the discharge of the prior encumbrances on the land.

At conclusion of plaintiff's evidence a motion to nonsuit was sustained. Plaintiff appealed.

*Frank Carter* and *H. C. Chedester* for plaintiff.
*Moore & Rollins* and *Locke Craig* for defendants.

BROWN, J. This action is brought by a judgment creditor to set aside certain conveyances alleged to be fraudulent and to subject the property so conveyed, together with the rents and profits thereof, to the payment of the plaintiff's judgments, and to reach and subject in the hands of the defendant Alvey lands which are alleged to belong to certain of the defendants in said judgments, with an accounting for the rents and profits thereof and the proceeds of lands so held which are alleged to have been sold by said defendant.

The judgments sued on were taken on notes due the First National Bank of Asheville by W. H. Penland, J. E. Dickerson, Mary C. Penland, Margaret P. Smith, Althea M. Penland and Anna K. Smith. The bank failed 30 July, 1897, and the receiver recovered judgments upon the notes and assigned them to plaintiff.

W. H. Penland and J. E. Dickerson were directors in the bank and the former was its cashier. Mrs. Alvey resided in Richmond, Va., and is the sister-in-law of Dickerson, who managed certain property owned by her in Asheville and attended to certain business matters for her.

It is contended that the deed in trust of 20 July, 1897, was fraudulent, that no real consideration passed, and that its purpose was to cover up the property of the grantors therein from the payment of their debts to the bank.

It is contended that his Honor erred in excluding the declarations of Dickerson made subsequent to the conveyance, as evidence against Mrs. Alvey.

We think the ruling correct. There is no evidence or admission that Dickerson was the agent of Mrs. Alvey in making the loan or in procuring the execution of the deed in trust, or, if so, it is not contended that the excluded declarations were made at the time of the transaction so as to constitute them a part of the *res gestæ.*

Where the acts of the agent will bind the principal, there his declarations, representations and admissions respecting the subject-matter will also bind the principal, if made at the same time and constituting a part of the *res gestæ*. This seems to be well settled. 2 Taylor on Ev., sec. 602; Story Agency, sec. 134.

The court also properly excluded the books of the insolvent bank. As to Mrs. Alvey, they were clearly incompetent, as she was in nowise responsible for them or privy to them. *Res inter alios acta alteri nocere non debet*. The other exceptions to evidence are equally as untenable, and need not be discussed.

The last exception to the nonsuit brings up the question as to the sufficiency of the evidence of fraud to be submitted to the jury. We agree with his Honor that there is no evidence showing or tending to show that the defendant C. B. Alvey was guilty of any fraud, or that she knew of or participated in any fraud on the part of the grantors in the deed. There is nothing in the way of proof to indicate that Mrs. Alvey knew of or participated in any fraudulent intent on the part of the Penlands, assuming their purpose was to delay, hinder and defraud the bank in the collection of its debt. It seems to be settled beyond · controversy that knowledge of or participation therein by the grantee of fraud of the grantor is essential to set aside or vacate a deed. *Lassiter v. Davis,* 64 N. C., 498; *Allen v. McLendon,* 113 N. C., 321; *Rose v. Coble,* 61 N. C., 517; *Trust Company v. Forbes,* 120 N. C., 355; *Reiger v. Davis,* 67 N. C., 185; *Osborne v. Wilkes,* 108 N. C., 651; *Haynes v. Roger,* 111 N. C., 228; *Riggan v. Sledge,* 116 N. C., 87 (93); *Savage v. Knight,* 92 N. C., 493; *Peeler v. Peeler,* 109 N. C., 628; *Wolf v. Arthur,* 118 N. C., 890.

It is true that the evidence discloses a large indebtedness upon the part of the Penlands to the bank, and that its affairs were in a very insolvent condition; but Mrs. Alvey had no knowledge of these facts. Assuming that she did, she had a right to secure any *bona fide* existing indebtedness, if possible, and it would not be fraudulent for her to do so.

But it is contended that the trustee in the deed in trust had knowledge of such conditions, and that such knowledge affects his *cestui que trust*.

There are authorities to the effect that although a *preferred* creditor in a trust deed is himself innocent of fraud, yet his trustee's participation therein destroys the security. But those authorities have no application to an instrument or transaction of this character. Dickerson was merely the temporary repository of the legal title in an instrument securing a single debt. He had no previous connection with the trust property

and had no active duties whatever to perform in connection with it. He held as a naked trustee, whose duties were nominal except in case of foreclosure, and then they are clearly marked and defined in the deed. In such cases the secured creditor must be fixed with notice, and the knowledge of the trustee is not imputable to him. *Bank v. Ridenour,* 26 Am. Stat., 167; *Batavis v. Wallace,* 102 Fed., 240, 20 Cyc., 479, and cases cited.

It is contended that the burden of proof is on the defendant Alvey to show to the satisfaction of the jury the *bona fides* of this transaction.

It is true, as contended, that where a creditor shows facts that raise a strong presumption of fraud in a conveyance made by his insolvent debtor, the history of which is necessarily known to the debtor only, the burden of proof lies on him to explain it. That would undoubtedly be true here if the Penlands were the interested defendants; but Mrs. Alvey occupies a different attitude. She claims as a mortgagee who has innocently made a loan upon property, and not as an insolvent debtor who is charged with conveying her property absolutely for her own benefit.

There are no ties of kinship between Mrs. Alvey and the Penlands, and none of the well-known and definite fiduciary relations exist which raise either a presumption of fraud to be decided by the court, or a question of fraud, as matter of fact, to be submitted to and passed on by the jury for what it is worth. *Lee v. Pearce,* 68 N. C., 87. The proof is singularly free from any suspicious facts calculated to put Mrs. Alvey on inquiry as to the purposes of the Penlands in executing the trust, assuming that such purpose was fraudulent. She resided a long distance from them, was not related or even a very intimate friend, and, so far as the evidence discloses, had no motive to participate in fraudulent conduct for their benefit.

Assuming, for argument's sake, that Mrs. Alvey could be called upon to offer proof of the *bona fides* of her debt, the plaintiff himself has offered evidence which establishes it for her. He introduced her check for $10,000 on a bank in Richmond, together with the declarations of Dickerson in regard to the check and the debt, which tend strongly to prove a *bona fide* debt as the basis of the deed in trust. In view of that evidence, the defendant Alvey might well rest her case upon plaintiff's proofs.

Upon a review of the record we find no reversible error, and the motion to nonsuit was properly sustained.

No error.

HOKE, J., concurs in result.