## N. A. HALL v. GIESSELL AND RICHARDSON.

(Filed 2 June, 1920.)

**1. Principal and Agent—Evidence—Scope of Agency—Benefits Accepted —Ratification—Trials—Nonsuit.**

Where there was evidence tending to show that the plaintiff, a shop-keeper, had, under contract with defendant's agent or superintendant, furnished for a year or more the employees of defendant merchandise from his store on the superintendent's order, with monthly statements thereof, which were paid promptly, excepting for the last statement, the subject of the action, which defendant refuses to pay on the ground of the lack of the superintendent's authority to make the contract as his agent; that the contract of agency was in writing and of limited authority, of which there is no evidence that the plaintiff had notice or knowledge; *Held*, sufficient to be submitted to the jury upon the question of the agent's express or implied authority, or of ratification of his acts by the defendant in knowingly accepting the benefits thereunder for such period of time, under the circumstances.

**2. Evidence— Written Instruments— Parol Evidence— Collateral Trans-actions— Pricipal and Agent— Benefits Accepted—Ratification—Ad-missions.**

Where a written instrument, a mortgage in this case, is merely collat-eral to the substantial cause of action and not between the parties, and there is evidence that the defendant received a benefit thereunder and it tends to show his implied admission of liability for the cause of action, his objection to parol evidence to show the transaction on the ground that the written instrument is the best evidence, is untenable, and it makes no difference that it may have been taken in the name of another, if it was really for the benefit of the defendant.

**3. Appeal and Error—Objections and Exceptions—Instructions—Conten-tions.**

Objection to the manner in which the trial judge has stated the con-tentions of the complaining party should be made at the time, to avail him of his exception on appeal.

**4. Issues—Appeal and Error—Trials.**

It is not error for the trial judge to refuse issues tendered, if those submitted to the jury are sufficient to embrace every essential question in dispute between the parties and for them to present every material phase of the case.

**5. Instruction—Prayers for Instruction—Appeal and Error.**

When the trial judge substantially gives requested instructions, in his own language, in his general charge, without thereby weakening their effect, it is sufficient, for he is not required to give them in their exact language.

CIVIL ACTION, tried before *Bryson, J.,* and a jury, at March Term, 1920, of SWAIN.

42—179

The plaintiff Hall was a country merchant, and the defendants were operating a large sawmill near his store.

In September, 1917, plaintiff entered into an agreement with defendants, through their agent or general superintendent, W. A. McGee, to furnish merchandise to certain employees of the defendants, it being a part of the agreement that only such employees should be furnished as received orders from the company or its representative, and that the plaintiff should present statements on the first of each month, covering the amounts furnished to the employees.

The plaintiff, under this agreement, furnished supplies to defendants' employees from September, 1917, up to the first day of November, 1918, making statements on the first day of the month, the amounts of which were promptly paid by defendants.

On the first day of November, 1918, plaintiff prepared his usual statement amounting to $650.33, and delivered it at defendants' office. A few days later, defendants' bookkeeper informed plaintiff that the statement had been misplaced, and requested a duplicate, which was furnished. The defendants made no objection to any item charged on this statement, but refused to pay the same on the ground that the plaintiff had furnished these supplies without proper orders. There was no denial of the facts by defendants that the parties receiving the supplies were in their employ, and that the supplies were such as the employees required in order to carry on the work of the defendant company. It was not denied that W. A. McGee was the superintendent of the defendants in charge of their lumber operation during the period of time these supplies were furnished, but defendants contended that McGee only had limited authority, his contract being in writing. It was not shown on the trial that the plaintiff Hall had any notice of the terms of this contract. The plaintiff testified on the trial that he had furnished the supplies included in this account, upon the express order of W. A. McGee, and only furnished supplies to such employees as McGee directed.

The jury answered the issues in favor of the plaintiff, and from the judgment on the verdict the defendants appealed.

*S. W. Black for plaintiff.*
*Frye & Frye for defendants.*

WALKER, J., after stating the facts as above: There are many exceptions in the record, but a careful analysis of them will show that there are really a very few which need to be considered, because they substantially present all the essential objections taken during the trial, and cover all the matters appearing in the assignments of error. The main

question was whether the superintendent, W. A. McGee, had the authority to make the contract with the plaintiff, and if not, whether the contract was afterwards ratified by the defendants with full knowledge of the fact that he had exceeded his authority and as to what he had done. These questions were submitted to the jury by the judge with full and correct instructions, and the jury found either that McGee had the express authority, or that if he did not have it, and had acted either without it, or in excess of it, the defendants, with knowledge of what had been done by him, had freely ratified it. The court gave clear instructions as to what, in law, would constitute authority in McGee to represent the defendants, and make a binding contract with the plaintiff in their behalf, and also explained fully what was required to hold the defendants liable under the contract by their ratification of it. There was ample evidence to support the charge. Among other things, it was shown that the account ran from September, 1917, to November, 1918, and that at the first of each month the bill for the month before was presented and promptly paid, until the final statement for $650.33 was presented and held up. It would be very strange if defendants did not know of these transactions each month, and inquire of McGee why he was paying these bills with such regularity and under what contract or understanding with the plaintiff. If the defendants were at all watchful of their interests and diligent in the prosecution and management of their business, they would have ascertained why McGee was making these monthly payments, and, if he did not have authority from them to thus trade with the plaintiff, and was acting without authority or in excess of his authority, they would certainly have made earlier complaint. The jury had the right to consider this and the other evidence bearing upon the question, and particularly the Callahan mortgage transaction, and the evidence as to what was said by the defendant Richardson. The conclusion of the jury was not against the weight of competent and relevant testimony to show the authority of W. A. McGee, which he professed to have, or ratification if he did not have it. The parol evidence objected to by the defendants was competent, as the transaction to which it relates was collateral to the issue in this case. This action is not upon the mortgage or the debt it secured, but the evidence was offered to show by the dealings with respect to the mortgage an admission of liability by the defendants for the debt which is the subject of this action. Greenleaf on Evidence, 275, 279, and 366; *Pollock v. Wilcox,* 68 N. C., 46; *Carden v. McConnell,* 116 N. C., 875, and *Ledford v. Emerson,* 138 N. C., 502, where it was held that the parol evidence rule, as to the contents of a written instrument, applies only to actions between parties to the writing, and when its enforcement is the substantial cause of action. The plaintiff in this case does not seek to

enforce any right under the mortgage, but merely to recover a personal judgment against the defendants for a debt due to him. It was also competent to show that the defendants were receiving benefits under the Callahan transaction, and that it was executed practically to indemnify them against any loss on account of the plaintiff's debt. This evidence tended to show that the defendants' conduct, with reference to the Callahan mortgage, was, at least, an implied admission of their liability for the debt in suit. It is held even that a party may be estopped by receiving benefit under a contract to deny its validity, and his liability under it. *Sprunt v. May,* 156 N. C., 388; *McCracken v. R. R.,* 168 N. C., 62; *Watson v. Mfg. Co.,* 147 N. C., 469. It makes no difference that the mortgage may have been taken in the name of W. A. McGee if it was really intended for the benefit of the defendants. *Watson's case, supra,* at pp. 474-5. One who relies on a contract made for his benefit by another, who assumes to act as his agent, is not allowed to accept benefits under the same, and at the same time repudiate the agency, and in this way avoid the burdens. *Sprunt v. May, supra; McCracken v. R. R., supra.*

There was sufficient evidence in this case for the jury to find that W. A. McGee had entire charge and control of the defendants' mill and its operation, and was clothed with sufficient authority, as defendants' agent, to make the contract with the plaintiff within the principle declared in *Watson v. Mfg. Co., supra,* as stated in the fifth head-note, and more specifically in the opinion of the court, and the jury found that he did have the requisite authority, or that defendants had ratified what he did. It is not open to the defendants now to allege that the supplies furnished to the hands were of no benefit to the defendants. The evidence really shows that they were, and the jury, under the charge of the court must have found that they were.

There are objections to the manner in which the contentions of the parties were stated to the jury, but they come too late, as we have often held in similar cases, the following being the most recent ones: *S. v. Spencer,* 176 N. C., 709; *Bradley v. Mfg. Co.,* 177 N. C., 153; *Sears v. R. R.,* 178 N. C., 285.

There are exceptions to the submission of the issues and to those tendered by the defendants, which were rejected by the court. The issues submitted were sufficient to embrace every question in dispute between the parties, and for the parties to present every material phase of the case, and this being the case, an objection to it is groundless. *Patterson v. Mills,* 121 N. C., 258; *Warehouse Co. v. Ozment,* 132 N. C., 848; *Hatcher v. Dabbs,* 133 N. C., 239; *Pretzfelder v. Ins. Co.,* 123 N. C., 164.

The judge charged correctly as to the notice that he had been given not to furnish any more supplies without an order, so this was a question for the jury, and the matter, as to the $100 instruction in the sale of the goods received the same treatment from the court.

The question raised as to the statute of frauds was properly explained to the jury by the judge in his charge.

The judge charged sufficiently, and quite fully, as to the burden of proof, and responded to the requests for instructions, so far as the defendants were entitled to have him instruct the jury. The charge covered the case, in every feature of it, and was full, clear and precise, and if there was no direct and specific response to the requests for instructions, those which were proper will be found substantially given in the general charge. The judge was not bound to use the language of counsel but was at liberty to choose his own if the request was given in substance, and its force not weakened by a change in phraseology. *Graves v. Jackson,* 150 N. C., 383. It is well settled that the failure to give instructions tendered by a party is not error, if they have been substantially covered by the general charge. *S. v. Baldwin,* 178 N. C., 693. The motion to nonsuit was properly refused, as there was sufficient evidence to be considered by the jury. The case in its full development, really resolved itself finally into a question of fact. The simple principles of law arising upon the evidence were correctly explained and applied to the case, and the jury, as to the facts, accepted the plaintiff's version.

There are so many exceptions, that it would be a work of great labor, and accomplish no good purpose, to consider them in detail. When they are considered, and properly classified, they may be greatly reduced in number, and scope, as they have taken a wide range. This process of classification and reduction we have undertaken, and have attempted to confine ourselves to the salient points made by the learned counsel for the defendants in his brief, and able argument before us. The presiding judge, we think, tried the case well and without a flaw.

No error.