JOS. W. GRIER v. MARK WELDON.

(Filed 10 January, 1934.)

**1. Trial F a—Form and sufficiency of issues.**

Issues submitted to the jury are sufficient if they arise upon the pleadings and present to the jury all essential or determinative facts in controversy, the issues being largely in the discretion of the court, and where they are not prejudicial and do not affect a substantial right an exception thereto will not ordinarily be sustained.

**2. Chattel Mortgages A c—Where paper is in effect a chattel mortgage it will be so construed regardless of its form.**

A paperwriting, whatever its form, will be construed as a mortgage if by proper interpretation the intent is made to appear that it is to secure the payment of a debt in a certain amount and creates a lien upon sufficiently described property, the lien to be discharged upon payment of the debt according to its terms.

**3. Chattel Mortgages D a—Where mortgagor retains possession under implied agreement, mortgagee may not take possession until default.**

Where a farmer buys a mule and gives the seller a chattel mortgage to secure the balance of the purchase price and thereafter uses the mule in the cultivation of his crops, there is at least an implied agreement that the mortgagor should have possession of the mule, and where upon the debt falling due, the parties agree upon an extension of time for payment until after the harvesting of the next fall crop, the debt is not due until the expiration of the extension agreement, and where the mortgagee takes possession by claim and delivery prior to the expiration of the extension agreement, his possession is wrongful, and the mortgagor may recover the difference between the value of the mule at the time of such seizure and the unpaid balance of the purchase price. The sufficiency of consideration for the extension agreement is not presented in this case, but *semble* there was sufficient consideration.

**4. Same—Mortgagee is entitled to immediate possession unless there is express or implied agreement by parties to the contrary.**

Under the common law, which prevails in North Carolina, a chattel mortgage passes the legal title to the property pledged to the mortgagee, defeasible by the subsequent performance of its conditions, and the mortgagee is entitled to immediate possession of the property unless there is an express or implied agreement by the parties to the contrary.

APPEAL by plaintiff from *Hill, Special Judge,* and a jury, at May Special Term, 1933, of MECKLENBURG. No error.

This was a civil action brought by plaintiff to recover $94.34, balance due on note against defendant and the ancillary proceeding taken out of claim and delivery for the possession of a mule, the note being secured by a lien on the mule.

The following is a copy of the instrument sued on: "$130.00—Charlotte, N. C., 14 March, 1931. One day after date I promise to pay Jos. W. Grier or order one hundred and thirty dollars, value received, with interest from date at the rate of six per cent per annum. This note is given for one yellow bay colored mare mule about 10 years old bought from Jos. W. Grier and I hereby agree that said bay mare mule is and shall remain the property of the said Jos. W. Grier until this note is paid in full. And if I fail to pay said debt and the interest according to said note, then they may sell said property, or so much thereof as may be necessary, by public auction at the county courthouse door, for cash, first giving twenty (20) days notice of time, place, and terms of said sale at the county courthouse door and three (3) other public places in the county and apply the proceeds of such sale to the discharge of said debt, and interest on same, and pay any surplus to me. Witness my hand and seal. Mark Weldon (seal) X his mark. Witness C. J. Lee."

The plaintiff alleged the balance owing on said note and mortgage to be $94.34, and contended that said amount was due and unpaid. The defendant denied the plaintiff's allegation, and alleged the balance owing on said note and mortgage was $64.00, and further alleged that he had an agreement with the plaintiff before he pitched his crop in 1932 that the plaintiff would carry said $64.00 until the fall of 1932, and in his further answer and defense prayed for relief against the loss of the mule by way of injunction, and set up a counterclaim for damages to his crop. The defendant at the time of the trial abandoned his counterclaim for damages to crop for that injunctive relief was denied, and the mule had been disposed of, and only asked for recovery of the difference between what was owing on the note and the value of the mule as of the date of the seizure.

The judgment on the verdict is as follows:

"This cause coming on to be heard and being heard before his Honor, F. S. Hill, judge presiding, and a jury, at the May Special Term, of Superior Court of Mecklenburg County, 1933, and the issues submitted to the jury having been answered as follows:

1. In what sum, if any, is the defendant indebted to the plaintiff by reason of the note sued on? Answer: $64.00

2. Was said note secured by chattel mortgage, as alleged in the complaint? Answer: Yes.

3. Did the plaintiff contract and agree with the defendant to extend the time for payment of said note until the fall of 1932, as alleged in the answer? Answer: Yes.

4. Is the plaintiff the owner and entitled to possession of the mule taken in claim and delivery by him in this action, as alleged? Answer: No.

5. What was the reasonable market value of said mule at the time same was turned over to the plaintiff by the sheriff under writ of claim and delivery herein? Answer: $150.00.

It is now, therefore, ordered, adjudged and decreed by the court that the defendant recover of the plaintiff the sum of $81.46, the difference owed by the defendant in the first issue with interest from 14 March, 1931, to the date of seizure on 20 May, 1932, and the value of the mule found by the jury at the time of delivery by the sheriff under writ of claim and delivery, as found in the fifth issue, said $81.46 to bear interest from 20 May, 1932, until paid. It is further ordered by the court that the plaintiff pay the cost of this action to be taken by the clerk."

The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court. The necessary ones and pertinent facts will be considered in the opinion.

*Fred C. Hunter for plaintiff.*
*A. A. Tarlton for defendant.*

CLARKSON, J. The plaintiff objected and assigned error to the submission of the issues and tendered other issues. We think that the issues as submitted arise on the pleadings and present to the jury inquiries as to all the essential matters or determinative facts in dispute.

In *Hooper v. Trust Co.,* 190 N. C., 423 (428), speaking to the subject, we find: "The test of the sufficiency of issues is, 'did the issues afford the parties opportunity to introduce all pertinent evidence and apply it fairly?' *Tuttle v. Tuttle,* 146 N. C., 484; *Deloache v. Deloache,* 189 N. C., 394, 400; *Elliott v. Power Co., ante,* 62. When issues meet the test they satisfy all the requirements of *Rudasill v. Falls,* 92 N. C.,

222, and *Gordon v. Collett,* 104 N. C., 381." *Erskine v. Motor Co.,* 187 N. C., 826 (831-2).

Issues submitted are largely in the discretion of the court below, and if not prejudicial or affect a substantial right ordinarily an exception and assignment of error will not be sustained as in the present case.

"To constitute a mortgage, no particular words are necessary 'If a security for money is intended, that security is a mortgage, though not having on its face the form of a mortgage; it is the essence of a mortgage that it is a security.' Jones Chattel Mortgage, sec. 24. *McCoy v. Lassiter,* 95 N. C., 88, 92. While 'no particular form is necessary to constitute a mortgage,' Yet the words must clearly indicate the creation of a lien, specify the debt to secure which it is given, and upon the satisfaction of which the lien is to be discharged, and the property upon which it is to take effect.' 'The statement that the creditor is to have a lien, and that on default he may take possession and sell, . . . sufficiently discloses the intent.' *Harris v. Jones,* 83 N. C., 318." *Britt v. Harrell,* 105 N. C., 10, 12.

The court below charged "If you believe all the evidence and by its greater weight it will be your duty to answer the second issue 'Yes.' " In this we can see no error.

The defendant testified, in part: "I owe Mr. Grier a balance of $64.00 on the mule. Before I planted my crop last year I had an understanding with Mr. Grier as to how I would pay the balance. After I had paid up to November $96.00, I told Mr. Grier I had gathered all of my vegetables and paid him all that I was able to pay and I had come to see him to see if I couldn't make some arrangements with him to carry this $64.00 over for me, and if he wouldn't let me know so I could get some one to lift part of the payments for me. He said 'I will carry you over. I wouldn't dare take the mule away from you as nice as you have taken care of him. It shows that you respect him.' "

On this aspect the court below gave the contentions of both parties, and charged the jury: "Did the plaintiff, Joseph W. Grier, agree to extend the time for payment of the note, as defendant contends and alleges? That is a question of fact for you to determine from all the evidence. The burden is upon the defendant to satisfy you from the evidence, and by its greater weight, that there was such an agreement, and that such an agreement existed." There is no exception or assignment of error by plaintiff to the evidence or charge on this issue. If there was such an agreement made, there is no contention that there was no consideration to support it.

In *Exum v. Lynch,* 188 N. C., 392 (395), it is said: "Generally speaking, it may be said that the term 'consideration,' in the sense it is used in legal parlance, as affecting the enforceability of contracts, con-

sist either in some right, interest, gain, advantage, benefit or profit accruing to one party, usually the promisor, or some forbearance, detriment, prejudice, inconvenience, disadvantage, loss or responsibility, act, or service given, suffered, or undertaken by the promisee. *Institute v. Mebane,* 165 N. C., 644. It is usually sufficient to define it as a benefit to the promisor, or a detriment to the promisee. *Cherokee Co. v. Meroney,* 173 N. C., 653; *Findly v. Ray,* 50 N. C., 125; 6 R. C. L., 654; 13 C. J., 311."

The plaintiff excepts and assigns error to the following portions of the charge below, which we cannot sustain: "The court instructs you if you answer the third issue Yes, then it having admitted that the mule was seized by plaintiff in this action in May, 1932, that under that state of facts plaintiff would have seized the property before the indebtedness became due, then he would not be the owner of the mule as of that date, or entitled to possession as of that date. . . . If the debt was due, and under the terms of the note offered in evidence, he would have a right to seize the property, but if the debt was not due until sometime after that, and the property still in the possession of the defendant, then plaintiff would not be entitled to possession of the property in May, 1932."

Jones Chattel Mortgages and Conditional Sales, Vol. 2 (6th ed., 1933), part sec. 426, p. 175: "The right of possession of mortgaged chattels vests in the mortgagee immediately upon the execution of the mortgage *if there be no express or implied stipulation in it to the contrary,* whether the mortgage debt be due and payable or not." (Italics ours.)

"In North Carolina and many other states the common law prevails, and the mortgage deed passes the legal title at once, defeasible by the subsequent performance of its condition. The title then draws the right of possession, and the mortgagee may enter into possession of the property at once or at any time *unless restrained by express provision or necessary implication,* which does not appear in the cases before us. 1 Jones Mortgages, sec. 58." *Hinson v. Smith,* 118 N. C., 503, 505. The right of possession of mortgaged chattels vests in the mortgagee immediately upon the execution of the mortgage, *if there is no express or implied stipulation in it to the contrary,* whether the mortgage debt be due and payable or not. . . . The right of possession follows the right of property. *Hinson v. Smith, supra.*

In the present case we think the evidence was to the effect that if there was not an express, there was at least an implied stipulation that the mortgagor should have possession of the "yellow bay colored mare mule," to make his crop and keep possession of the mule until the fall of 1932. The jury so found on the third issue. *Harris v. R. R.,* 190

N. C., 480 (483). We do not think *Jackson v. Hall,* 84 N. C., 489, or *S. v. Stinnett,* 203 N. C., 829, applicable. See *Narron v. Chevrolet Co., ante,* 307.

The exception and assignment of error as to the charge on the greater weight of the evidence cannot be sustained—it is too technical. The able judge in the court below tried the case with care and in accordance with the law in this jurisdiction. For the reasons given, in the judgment of the court below, we find

No error.