## MRS. M. E. STEELE v. T. C. COXE, TRADING AND DOING BUSINESS AS COXE LUMBER COMPANY.

(Filed 17 December, 1945.)

**1. Evidence § 42d—**

It is well settled that admissions of an agent, when made in the course of his employment, are competent as evidence against the principal. And where plaintiff's agent is a witness on the stand, a letter of such agent to the defendant, containing a statement of an admission of defendant's agent, may be introduced to corroborate the witness, who testified to same effect without objection.

**2. Evidence § 46—**

Opinion evidence of a non-expert witness as to stumps and laps, in a controversy over the cutting of timber, is admissible, the witness testify-ing that "he had been in timber all his life" and had been a timber cruiser for 20 or 30 years.

**3. Evidence § 15—**

It is proper for a witness to refresh his memory from a paper writing, even when the witness has not asked to be allowed to do so. Indeed, a witness may be compelled to so refresh his memory.

**4. Trial §§ 37, 38—**

Where the issues submitted to the jury arise upon the pleadings, present all essential or determinative facts in controversy, and afford the parties opportunity to introduce all pertinent evidence and apply it fairly, objec-tions thereto are groundless.

**5. Trial §§ 37, 39—**

The court is not required to submit the tendered issues in the language of the party who tenders them. The issues submitted are largely in the discretion of the court, and, if not prejudicial or affecting substantial rights, will not ordinarily be held for error.

**6. Trial § 33—**

An assignment of error to a statement of the court, in its charge to the jury, as to the contentions of the parties about a controversy over the evidence, will not be sustained where no objection was made in time to afford the court an opportunity to correct any error therein.

**7. Trial § 29b—**

Objection to the charge, for not complying with G. S., 1-180, must state specifically how the charge failed to measure up to the requirements of the statute.

APPEAL by defendant from *Olive, Special Judge,* at May Special Term, 1945, of RICHMOND.

An action to recover the value of timber cut by defendant from a tract of land in Richmond County, owned by the plaintiff and known as the Lovin Tract, containing about 284 acres. It is alleged in the complaint that the plaintiff sold to the defendant on 9 April, 1940, all merchantable timber on a tract of land owned by her, known as the Morman Place, containing about 1,100 acres, but did not sell to the defendant any of the timber growing on the Lovin Tract; that thereafter, while defendant was cutting timber from the adjoining tract known as the Morman Place, his employees commenced cutting timber from the Lovin Tract, and the agent of the plaintiff told the employees of the defendant to stop cutting said timber, and thereafter the defendant represented to agent of the plaintiff that the cutting of the timber from the Lovin Place was a mistake, but that defendant would like permission to finish cutting the timber on the Lovin Place, and that he, defendant, would pay plaintiff whatever the timber was worth, whereupon the plaintiff's agent gave the defendant permission to finish cutting the timber on Lovin Place; that the defendant cut from the Lovin Tract 129,500 feet of timber, worth $12.00 per thousand feet, mostly during the months of March and April, 1943, and that defendant had finished cutting timber on the Lovin Tract before the middle of April, 1943; that the defendant is indebted to the plaintiff for said timber in the sum of $1,554.00 with interest from 1 May, 1943, wherefore, the plaintiff prays that she recover of the defendant said indebtedness, together with interest and costs.

The defendant in answer to the complaint avers that prior to 9 April, 1940, he, defendant, sent his agent to look over the timber of the plaintiff and to learn the boundaries of the land upon which it was located; that

the agent of the plaintiff rode around in an automobile with the agent of defendant and pointed out the boundaries of said land in a general way, and plaintiff's agent then sent a colored man with defendant's agent to point out specifically the boundaries of said land; that the defendant's trade and agreement with plaintiff's agent was "to buy all merchantable timber on the land embraced within the boundaries thus pointed out to the defendant's agent first in a general way and subsequently specifically and in detail, the dimensions of the timber to be the same as was described in the deed of 9 April, 1940; that the defendant, through his employees, cut and removed timber within the boundaries specifically designated and pointed out to defendant's agent, and no other land, and the defendant paid the plaintiff, or the plaintiff's mortgage creditors, the entire purchase price of said timber in accord with the agreement entered into by defendant with plaintiff's agent; that during the negotiation between the plaintiff's agent and the defendant the agent of the plaintiff did not mention that plaintiff owned and held the land under two separate deeds, or that there were two separate tracts of land, one known as the Morman Place and the other known as the Lovin Place, and if the description in the timber deed of 9 April, 1940, omitted any of the lands theretofore pointed out to the defendant or to his agent, the omission of such land from the description in the aforesaid timber deed was due to mutual mistake of the parties thereto, or to the mistake of the draftsman of said deed, or to the fraud of said agent of the plaintiff in pointing out or having pointed out to defendant's agent land other than that which is described in the said timber deed and to the mistake of the defendant; and that if the land pointed out to the defendant's agent as being the land upon which the timber was growing and which the defendant was to purchase from the plaintiff, contained two tracts, one known as the Morman Tract and one known as the Lovin Tract, and only the Morman Tract is described on said timber deed, the defendant is entitled to a reformation of the timber deed by the inclusion therein of said Lovin Tract in order to make the deed conform to the agreement between plaintiff and defendant, and defendant is entitled to a judgment ordering reformation of the timber deed accordingly; whereupon the defendant prays that the plaintiff recover nothing of the defendant and that her alleged cause of action be dismissed; that if it be determined that the defendant or his agents cut and removed timber from lands not embraced in the description contained in the timber deed of 9 April, 1940, but within the boundaries pointed out to the defendant's agent as the timber being sold to the defendant by the plaintiff, then that said deed be ordered reformed so as to include and embrace any land omitted from said deed which was pointed out to the defendant by the plaintiff's agent.

Issues were submitted to, and answered by, the jury as follows:

"1. Was the Lovin Tract of land omitted from the timber deed, from the plaintiff to defendant, executed on April 9, 1940, by mutual mistake of the parties and their agents, as alleged in the answer?  Answer: No.

"2. Did the defendant agree with Mr. J. M. Ledbetter, as agent of the plaintiff, to pay for the timber cut from the Lovin Tract after a controversy had arisen about it?  Answer: Yes.

"3. What amount, if any, is the plaintiff entitled to recover of the defendant for timber cut and removed from the Lovin Tract?  Answer: $1,027.00, plus interest from May 1, 1943, until paid."

From judgment that plaintiff recover of the defendant the sum of $1,027.00, with interest from May 1, 1943, until paid, together with costs as prescribed in the verdict, the defendant appealed, assigning errors.

*George S. Steele, Jr., for plaintiff, appellee.*
*Fred J. Coxe and J. C. Sedberry for defendant, appellant.*

SCHENCK, J.  The first assignment of error set out in appellant's brief is exception No. 1, to the court's allowing the plaintiff, over objection by defendant, to introduce in evidence two paragraphs of a letter from J. M. Ledbetter (agent of plaintiff) to T. C. Coxe (defendant), dated 30 June, 1943.  The matter objected to in the letter is the statement that Mr. Hildreath, agent of defendant, made to J. M. Ledbetter that they would have to count the stumps to tell how much timber had been cut from the Lovin Tract and sawed along with timber cut from the Morman Place.  Aside from the fact that this tends to corroborate Ledbetter, then a witness on the stand, it is admissible, *inter alia,* for the reason that the statement attributed to Mr. Hildreath in the letter was made in the capacity of agent of Mr. Coxe, the defendant, in the settlement of the timber dispute.  It is well settled that admissions of an agent, when made in the course of his employment, are admissible in evidence.  *Calvert v. Alvey,* 152 N. C., 610, 68 S. E., 153; *Salmon v. Pearce,* 223 N. C., 587, 27 S. E. (2d), 647.  Mr. Ledbetter testified substantially to the same effect without objection.  The admission of similar evidence without objection waives the first objection.  *Owens v. Lumber Co.,* 212 N. C., 133, 193 S. E., 219, and cases there cited.  This assignment of error cannot be sustained.

The next assignments of error set out and discussed in appellant's brief are Nos. 2, 3, 4 and 5 which are considered together, since they relate to having witness Irby testify to his opinion, and also to having him refresh his recollection from letters handed him when he as a witness had not indicated a desire to see such letters.  These exceptions seem to be based upon two reasons, first, the lack of qualification of the witness

to express an opinion, and second, upon allowing witness to refresh his recollection from the letters shown him, when there was no request made by witness to see such paper writings for the purpose of refreshing his recollection. On the first contention; that is, that the witness was not qualified to express an opinion, the witness testified that "he had been in timber" all his life and had been a timber cruiser for 20 or 30 years, and that he had cruised timber for a number of people in a number of localities. While the witness Irby was never found by the court to be an expert, "it has also been found necessary to admit a class of evidence from non-expert witnesses, which is usually spoken of as 'opinion evidence,' where the facts as they appeared to the witness cannot clearly and adequately be reproduced, described and detailed to the jury." 20 Am. Jur., 640, Evidence, sec. 769. "The practical test for receiving or rejecting opinions of lay witnesses is that where the jury can be put into a position of equal vantage with the witness for drawing them, the witness may not as a rule give an opinion or estimate." 20 Am. Jur., 642, Evidence, sec. 769. Applying the tests indicated to the witness Irby's testimony, the distances from stumps to laps, the diameter of stumps and laps, and the number of stumps could not have been given in evidence, and, therefore, of necessity the opinion of the witness was properly received. The second reason urged as to why the witness Irby's opinions and estimates should have been excluded was that the witness was handed a letter to refresh his recollection. It is well settled that it is proper for a witness to refresh his memory by the use of a proper writing. 20 Am. Jur., 798, Evidence, sec. 946. Not only may a witness be allowed to refresh his memory, but he may be compelled to do so. *State ex rel. Davenport v. McKee,* 94 N. C., 325; N. C. Handbook of Evidence, Lockhart, sec. 43. These assignments of error cannot be sustained.

The next assignments of error set out in appellant's brief relate to exceptions 8 and 17, which are to the refusal of the court to submit issues tendered by the defendant and to the submission of the issues which were submitted to and answered by the jury. The issues tendered by the defendant were: "1. Was it the intention of the parties that the timber on both the Morman and the Lovin or O'Brien tracts was to be included in the timber deed of April 9, 1940? Answer: ......... 2. If not, what was the value of the standing timber cut from the Lovin or O'Brien tract? Answer: ........." The issues submitted to and answered by the jury were: "1. Was the Lovin tract of land omitted from the timber deed, from the plaintiff to the defendant, executed on April 9, 1940, by mutual mistake of the parties and their agents, as alleged in the answer? Answer: ......... 2. Did the defendant agree with Mr. J. M. Ledbetter, as agent of the plaintiff, to pay for the timber cut from the Lovin tract

after a controversy has arisen about it? Answer: ......... 3. In what amount, if any, is the plaintiff entitled to recover of the defendant for timber cut and removed from the Lovin tract? Answer: . .......”

These assignments of error pose two questions: First, did the issues submitted to and answered by the jury arise upon the pleadings and present to the jury all essential or determinative facts in controversy, and were not prejudicial and did not affect any substantial rights? We are of the opinion that the answer is in the affirmative. The determinative facts in controversy were, first, was the timber on the Lovin tract of land omitted by mistake from the timber deed from plaintiff to defendant dated April 9, 1940, and the case rested primarily upon the answer thereto, and an answer given in favor of the defendant would have been fatal to plaintiff's case; and other determinative questions arising on the pleadings and presented to the jury were, did the defendant agree with plaintiff's agent to pay for the timber cut from the Lovin tract, and what amount was plaintiff entitled to recover of defendant for timber cut and removed from Lovin tract? We think the issues as submitted arise on the pleadings and present to the jury inquiries as to all essential matters or determinative facts in dispute. "The test of the sufficiency of issues is, 'did the issues afford the parties opportunity to introduce all pertinent evidence and apply it fairly?' *Tuttle v. Tuttle,* 146 N. C., 484; *DeLoache v. DeLoache,* 189 N. C., 394, 400; *Elliott v. Power Co., ante,* (190 N. C.), 62. When issues meet the test they satisfy all the requirements of *Rudasill v. Falls,* 92 N. C., 222, and *Gordon v. Collett,* 104 N. C., 381. *Erskine v. Motor Co.,* 187 N. C., 826 (831-2)." *Grier v. Weldon,* 205 N. C., 575, 172 S. E., 200. In this case the issues seem to meet the test indicated.

Another question left for answer, since the issues submitted are deemed sufficient: Was there any requirement for the submission of the issues tendered? We think not. "The issues submitted were sufficient to embrace every question in dispute between the parties, and for the parties to present every material phase of the case, and this being the case, an objection to it is groundless. *Patterson v. Mills,* 121 N. C., 258; *Warehouse Co. v. Ozment,* 132 N. C., 848; *Hatcher v. Dabbs,* 133 N. C., 239; *Pretzfelder v. Ins. Co.,* 123 N. C., 164." *Hall v. Giessell,* 179 N. C., 657, 103 S. E., 392.

Since the issues submitted were sufficient, the Court is not required to submit the tendered issues in the language of the party who tenders them. In truth, the form of the issues submitted are largely in the discretion of the court, and if not prejudicial or affecting substantial rights will not ordinarily be held for error. *Gasque v. Asheville,* 207 N. C., 821 (828), 178 S. E., 848; *Grier v. Weldon,* 205 N. C., 575 (578), 172 S. E.,

200. The issues submitted were entirely sufficient to cover the whole controversy, and, therefore, the exceptions to them are untenable.

The next assignment of error set out in the appellant's brief was based upon exception No. 11. This assignment cannot be sustained for the reason principally, that the portion of the charge assailed was given in a statement of the contention of the parties, to which no objection was made at the time given, in order to afford the court an opportunity to correct himself if the contention given was erroneous. The contention given related to what was said to plaintiff's agent by the defendant's agent in regard to paying for the timber on the Lovin tract provided defendant was permitted to cut it. There was a controversy as to what was said; the plaintiff contending the defendant said he would pay for the timber on the Lovin tract if he was permitted to cut it, and defendant contending he said he would pay for the timber cut on the Lovin tract if he was permitted to cut it, and the court found that he had contracted to pay for it. The portion of the charge assailed related to the court's stating the contentions of the parties as to what was said by the defendant as to paying for the timber on the Lovin land if he was allowed to cut it. It has been repeatedly and universally held by this Court that the error assigned to statements in the charge upon the contentions of the parties and not at the time called to the court's attention, are untenable. *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657; *S. v. Hobbs,* 216 N. C., 14, 3 S. E. (2d), 431.

The next assignment of error set out in appellant's brief relates to exception No. 12, in which the appellant contends that the portion of the charge assailed was error for that it relates to the second issue submitted, which should not have been submitted. The correctness of the second issue has already been discussed and held to be a valid one under the pleadings and evidence. Hence this exception is untenable.

The next assignment of error set out in the appellant's brief is that based on exception 12, which is to a portion of his Honor's charge to the effect that the plaintiff contends that the third issue, provided the issue is reached, should be answered, in effect, that the plaintiff is entitled to recover "the sum of $1,295.00, or a substantial sum approaching that amount," when the court did not instruct the jury that the defendant contended that the issue should be answered in a sum less than $1,925.00. If error was here committed it was in the statement of contentions, which was not called to the attention of the court at the time, and, therefore, was untenable. *S. v. Wagstaff* and *S. v. Hobbs, supra.*

The next assignment of error set out in appellant's brief is to the portion of the charge assailed by exception No. 14. This assignment is untenable for the same reasons as the preceding assignment mentioned, No. 13.

The next assignment of error set out in appellant's brief relates to exception No. 15, which likewise assails the charge of the court in stating the contentions of the plaintiff, and which, for the reasons given in discussing exceptions Nos. 12, 13, and 14, are untenable.

While the appellant's brief in closing states that it appears from the record that the court did not instruct the jury in accord with G. S., 1-180, it nowhere states specifically how the charge failed to measure up to the requirements of the statute. This is requisite.

After a careful scrutiny of the record, and due consideration of the rulings of the court, we have found no reason to disturb the verdict and judgment.

Affirmed.